A. Pope, *Plaintiff in Error*, v. State of Florida, *Defendant in Error*.

Division A.

Opinion Filed July 14, 1927.

*W. T. Bludworth*, for Plaintiff in Error;

*J. B. Johnson*, Attorney General, and *H. E. Carter*, Assistant, for the State.

BROWN, J.—This plaintiff in error was convicted under the first count of an information charging that he had unlawfully removed or caused to be removed from Walton County, Florida, a certain Ford automobile in his possession, which was subject to a certain conditional sale contract made by him with the R. C. Walden Auto Company, under which the title was retained by the vendor, not then and there having the written consent of such vendor for such removal.

The information charged an offense under Section 5202, Revised General Statutes 1920, as amended by Chapter 9288 of the Laws of 1923. This statute makes it a criminal offense for any one to remove from the county where the contract was executed, without the written consent of the party retaining the title, any personal property in his possession subject to a conditional sale contract under which the title is retained by the vendor. This statute was held constitutional in State ex rel. Lanz v. Dowling, —— Fla. ——, 110 South. Rep. 522.

The evident purpose of this statute was to protect the right and opportunity of the vendor in case of default to repossess the property in his own county, where the contract was made, by preventing a change of the situs of such property to some other county or state without the written consent of the vendor. It is not every moving of personal property across a county line which would constitute a change of situs in violation of the statute. The statute must be given a sensible and reasonable construction, so as to effectuate the legislative intention without leading to absurd and unintended results. It is true that

under the statute it is not necessary to prove that the removal was made with the intent to defraud. Proof of intent is not required. But it was not the legislative purpose to put undue and unnecessary restrictions upon the use of personal property sold under conditional sale contracts.

As applied to automobiles, which are made and used for rapid and convenient transportation from place to place for purposes of both business and pleasure, it certainly was not the intention of the legislature to absolutely limit their use, where bought on conditional sale, to one county, so as to prevent the purchaser from making merely a temporary trip or trips into another county. Such temporary going out of and returning into the county does not effect any such change in the situs of the property as would prejudice the vendor's rights. It was the situs, rather than the reasonable use, of the property which the legislature intended to restrict.

However, there was no error in the failure of the court to charge on this feature of the law in this case, as here it appears that the defendant purchased the car in Walton County and took it to his home in another county, where, after default in the deferred payments, the car was found. The defendant testified, or offered to testify, that this was done with the knowledge and oral consent of the vendor's agent; through whom the sale to him was made. The statute requires written consent; so the court was correct in excluding such testimony.

But it appears that the defendant had the written consent of the vendor, in the contract of sale itself, to drive or use the car anywhere he saw fit so long as he did not remove the same from this State. The contract, among other things, provided that if the purchaser removed the automobile from this State, without the written consent of the vendor, the vendor was no longer bound by the contract and

that the vendor might retain all payments made as rent for the use of the property; also, that if there was default in payment or violation of the conditions of the agreement, ·the vendor should have the right to take immediate possession of the property, with or without legal process, and that the title was retained in the vendor until the full purchase price had been paid.

We think this contract would give the average man to understand that he had the seller's consent to drive the car anywhere he saw fit so long as he kept within the State of Florida. The only restriction made by the contract upon the right of removal on the part of the purchaser was that relating to removal out of this State, which would terminate the contract as to the vendor and give him the right to repossess the property and retain all payments made as rent.

It is a familiar rule, in the construction of contracts, that the expression in a contract of one or more things of a class implies the exclusion of all not expressed, although all would have been implied had none been expressed. 13 C. J. 537, Harrell v. Durrance, 9 Fla. 490. This rule should be liberally applied in behalf of an accused when charged with an act not *malum in se* but merely *malum prohibitum* and where the criminality *vel non* depends upon whether the act done was done with or without the consent of another party, with whom the accused stands in contractural relations, and the question of consent turns upon the construction of the contract between the parties.

There is another rule which would require that this contract be liberally construed on this point.in behalf of the accused. That is, the rule that, in case of doubt, a written contract should be interpreted the more strictly against the party who has drawn the contract, and where doubt exists as to the scope or meaning of a term or clause it will

be resolved in favor of the opposite party. 6 R. C. L. 854; Capital City Bank v. Hilson, 59 Fla. 215, 51 So. 853. The evidence in this case indicates that the vendor drew the contract, it being made upon one of his printed forms. We conclude therefore that under a proper construction of this written contract, the defendant had the written consent of the vendor to remove the property outside the county and into any other county so long as he did not move it outside of this State.

The verdict was therefore contrary to the evidence and the motion for new trial should have been granted.

Reversed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.