## N. W. PADGETT, JR., v. STATE.

156 So. 522.
Division B.
Opinion Filed September 18, 1934.

*W. P. Chavous,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—Plaintiff in error was convicted under an indictment which charged in effect that he on the 25th day of

January, 1932, "did then and there unlawfully remove and cause to be removed beyond the limits of the State of Florida, and did hide and conceal, without the written consent of the Universal Credit Company, a corporation, one model A Ford Automobile, motor No. 2757484, which said Universal Credit Company, a corporation, had before that time, to-wit on the _____ day of December, A. D. 1931, accepted one certain conditional sale contract, which said conditional sale contract was executed by the Parker Motor Company, a corporation, and the said N. W. Padgett, Jr., in Perry, Taylor County, Florida, on the 2nd day of December, A. D. 1931, in which and by which said conditional sale contract the title to the said Ford Automobile was retained in the said Universal Credit Company, a corporation, and the said Universal Credit Company, a corporation, held said conditional sale contract and the title to said Model A Ford Automobile and said contract was still in force and effect at the time of the removal and hiding and concealing of said Ford Automobile; that said N. W. Padgett, Jr., removed said automobile and hid and concealed same as aforesaid, with intent then and there to defeat, hinder and delay the enforcement of said conditional sale contract and the recovery of said Ford Automobile by the said Universal Credit Company, a corporation, the holder and owner of same, as aforesaid."

It appears from the record that the accused was a laborer; that he bought the automobile in question from the Parker Motor Company, a corporation, paying a part of the purchase price in cash and executing a retain title conditional sales contract to secure the balance in monthly installments.

He did not meet his obligation by making the installment payments. He made some trips to Georgia, taking the au-

tomobile with him as a means of conveyance. Each time he so went to Georgia he again returned to Florida and brought the automobile with him. He was arrested in Bradenton, Florida, on a charge of unlawfully removing the automobile beyond the limits of the State of Florida and hiding and concealing the same with intent to hinder and defraud the holder of the retain title contract. He had the automobile with him in Bradenton at the time of his arrest. There is no evidence in the record to sustain the charge that the accused either hid or concealed the automobile at any time or place. The record shows that when accused took the automobile out of Florida to Georgia that there was no secrecy about such trips; that he made such trips to secure work and did secure and perform work. That on all of such trips he carried and brought back with him another person, or other persons, who resided near where he lived in Florida and who had been acquainted with him for many years. It is clearly evident that the automobile was taken out of the State of Florida on only casual trips as a means of transportation and that it was not so removed with the criminal intent to hide and conceal it to defraud his creditor. He did not pay his debt. The holder of the retain title contract had the legal right to repossess the automobile and declare a breach of the contract under the facts disclosed.

The judgment of conviction, however, should be reversed on authority of the opinion and judgment in the case of Pope v. State, 94 Fla. 254, 113 Sou. 629, and it is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.