CORA HERRING v. STATE.

191 So. 290
Division A
Opinion Filed October 3, 1939

*Cecil A. Rountree,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis,* Assistant Attorney General, and *John H. Carter, Jr.,* State *Attorney,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review a judgment of conviction of the offense denounced by Section 5202 R. G. S., 7216 C. G. L., in this, to-wit:

"That Cora Herring, on March 12, 1938, in said county and State, unlawfully did remove beyond the limits of said county certain personal property in his possession, to-wit, one 1934 model Plymouth sedan automobile which was, at the time of such removal, the subject of a written conditional sale contract, entered into in said county, wherein he was purchaser and Chipley Motors, a co-partnership composed of O. C. Speight and J. C. Blackburn, was vendor, under which the title of said automobile was retained by said Chipley Motors, a co-partnership as aforesaid, without the written consent of said Chipley Motors, a co-partnership as aforesaid, to so remove said automobile beyond the limits of said county; CONTRARY TO THE STATUTE in such cases made and provided, and against the peace and dignity of the State of Florida."

It is not necessary to discuss all of the assignments of error.

The original contract under which the accuser purchased the automobile involved is drawn on a printed form provided by the seller. The contract contains the following provisions:

"Purchaser shall not remove or attempt to remove said car from the county and State given above as purchaser's address without the written consent of the Seller."

In the case of Pope v. State, 94 Fla. 254, 113 Sou. 629, we had under consideration a similar contract and in that case we said:

"The defendant testified, or offered to testify, that this was done with the knowledge and oral consent of the vendor's agent, through whom the sale to him was made. The statute requires written consent; so the court was correct in excluding such testimony.

"But it appears that the defendant had the written consent of the vendor, in the contract of sale itself, to drive or use the car anywhere he saw fit so long as he did not remove the same from this State. The contract, among other things, provided that if the purchaser removed the automobile from this State, without the written consent of the vendor, the vendor was no longer bound by the contract and that the vendor might retain all payments made as rent for the use of the property; also, that if there was default in payment or violation of the conditions of the agreement, the vendor should have the right to take immediate possession of the property, with or without legal process, and that the title was retained in the vendor until the full purchase price had been paid.

"We think this contract would give the average man to understand that he had the seller's consent to drive the car anywhere he saw fit so long as he kept within the State of Florida. The only restriction made by the contract upon the right of removal on the part of the purchaser was that relating to removal out of this State, which would terminate the contract as to the vendor and give him the right to

repossess the property and retain all payments made as rent.

"It is a familiar· rule, in the construction of contracts, that the expression in a contract of one or more things of a class implies the exclusion of all not expressed, although all would have been implied had none been expressed. 13 C. J. 537, Harrell v. Durance, 9 Fla. 490. This rule should be liberally applied in behalf of an accused when charged with an act not *malum in se* but merely *malum prohibitum* and where the criminality *vel non* depends upon whether the act done was done with or without the consent of another party, with whom the accused stands in contractual relations, and the questions of consent turns upon the construction of the contract between the parties.

"There is another rule which would require that this contract be liberally construed on this point in behalf of the accused. That is, the rule that, in case of doubt, a written contract should be interpreted the more strictly against the party who has drawn the contract, and where doubt exists as to the scope or meaning of a term or clause it will be resolved in favor of the opposite party. 6 R. C. L. 854; Capital City Bank v. Hilson, 59 Fla. 215, 51 So. 853. The evidence in this case indicates that the vendor drew the contract, it being made upon one of his printed forms. We conclude, therefore, that under a proper construction of this written contract, the defendant had the written consent of the vendor to remove the property outside the county and into any other county so long as he did not move it outside of this State."

The difference between the contract in the Pope case and the one in this case is not material. In the contract involved in the Pope case it was stipulated that the purchaser should not remove the automobile from the State of Florida. In

the instant case it is stipulated that the purchaser should not remove the car from the county and the State. Therefore, to breach the contract required a removal of the car not only from the county but from the county and the State. If the vendor had not intended that construction, a stipulation in the contract that the car should not be removed from the county would have fully expressed the intent because the car could not have been removed from the state without removing it from the county, but it could be removed from the county without removing it from the State, and to violate terms of the contract as written, it was not necessary that it be removed from the county but it had to be removed from the county and State.

So, as we held in the Pope case, we conclude that under the proper construction of the instant written contract, the defendant had the written consent of the vendor to remove the property outside the county so long as he did not remove it from the county and State.

There was no evidence that the accused removed the automobile from the State.

Neither is there any evidence of fraud, if such was necessary, perpetrated or intended to be perpetrated, by the defendant in the removal of the car from the county where it was sold.

For the reasons stated, the judgment is reversed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.