HENDRY, Judge.
Appellant-insurer, defendant below, brings this consolidated appeal from an “order granting plaintiff’s motion for summary judgment and other relief.” In filing her lawsuit, appellee, plaintiff below and wife of the deceased insured, sought to recover $1,000.00 per month for 24 months under the terms of an insurance policy that appellee’s husband had with appellant at the time of his death. Appellant argued below, and so contends here, that under the terms of the policy, appellee was entitled to only $763.33 per month.
Stated briefly, the facts are as follows: appellee is the widow of Captain Charles Moore, Jr., an employee of Braniff International Airways. Captain Moore was an insured under the terms of a Group Long Term Disability Benefits Insurance Policy issued to Braniff by appellant. Pursuant to this policy, Captain Moore was receiving disability income payments (“monthly income payments”) in the amount of $1,145 per month. Moore’s basic earnings qualified him for monthly benefits of $1,500, however, by virtue of the following provision in the policy, $355.00 in monthly pension benefits from his employer, Braniff, was deducted from the $1,500.
“ADJUSTMENTS IN AMOUNT OF MONTHLY INCOME. The amount of Monthly Income otherwise payable for any monthly period will be reduced by the amount of all Other Income Benefits (as defined in Section 9 of this policy) payable for the same monthly period.” [Emphasis added.]
Appellant paid Captain Moore $1,145 monthly disability benefits up until his death. Upon Moore’s death, appellee began receiving monthly “family income benefits” in the amount of $763.33. The amount of said “family income benefits” was determined by a formula set forth in section 11 of the policy as follows:
“FAMILY INCOME BENEFIT. The amount of each monthly Family Income payment will be equal to 66%% of the sum of (a) the Monthly Income payment due for the last full month of disability prior to the Employee’s death and (b) any amount by which such payment was reduced because of wage or profit received for work performed.”
Captain Moore’s “monthly income payments” had never been reduced by any amount because of any wage or profit received for work performed. Therefore, appellant contends that its obligation to Moore’s widow is 66%% of $1,145 (the amount of the payment due for the last month of disability prior to Moore’s death) or $763.33.
On the other hand, appellee contends, and the trial judge held, that she was entitled to 66%% of $1,500 and not of $1,145 because the monthly pension of Captain Moore ceased at his death. The sole issue for our determination is then, whether the above quoted provision of the policy of insurance entitled appellee to $1,000 per month for 24 months, as held by the learned trial judge, *477 or $763.33 per month. Stated another way, the question becomes whether the language of the policy is so ambiguous as to be construed against the insurer and in favor of the larger indemnity.
After carefully reviewing the record, briefs and arguments of counsel, it is our opinion that the above quoted provision of the policy of insurance is clear and unambiguous and as such, must be enforced as written.
Appellee’s deceased husband received $1,145 per month prior to his death. Simple arithmetic shows that 66%% of $1,145 is equal to, in rounded figures, $763.33. The cessation of pension benefits (“other income benefits”) was never addressed in the “family income” section. That section specifically provides that “any amount by which [the last full monthly income payment to the deceased employee] was reduced because of wage or profit received for work performed” should be added to the monthly income payment in the computation of family income benefits. The policy thus makes an express exception for certain monies no longer forthcoming, but makes no such exception for pension benefits. The express inclusion of the former exception, and the exclusion of the latter indicates that no exception for terminated pension benefits was intended. Such a construction comports with the principle of expressio unius est exclusio alterius — “the expression in a contract of one or more things of a class implies the exclusion of all not expressed, although all would have been implied had none been expressed.” Pope v. State, 94 Fla. 254, 113 So. 629 (1927).
In conclusion, we find no ambiguity in the policy issued by appellant and given a clear and logical meaning and effect, it is our opinion that the benefits due appellee are $763.33 per month. Midwest Mutual Insurance Co. v. Santiesteban, 287 So.2d 665 (Fla.1973); Rakoff v. World Insurance Co., 191 So.2d 476 (Fla.3d DCA 1966).
Accordingly, the order appealed from is hereby reversed and remanded with directions to enter judgment in favor of appellant.
Reversed and remanded with directions.