753 So.2d 777 (2000)
CITATION MORTGAGE, LTD., et al., Appellants,
v.
RC OF A RETIREMENT LIVING LTD., SERIES III, etc., et al., Appellees.
Nos. 5D96-710, 5D96-1794.
District Court of Appeal of Florida, Fifth District.
March 24, 2000.
Terrence Russell, John H. Pelzer and Daniella Friedmann of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Appellants.
J. Lester Kaney, of Cobb, Cole & Bell, Daytona Beach, and Leighton Aiken and Dana M. Campbell of Owens, Clary & Aiken, L.L.P., Dallas, Texas, for Appellees.
PER CURIAM.

ON MOTION FOR REHEARING
Appellants' motion for rehearing and certification is denied. However, we withdraw our previous opinion issued January 14, 2000, and substitute the following corrected opinion in its place.
Appellants, Citation Mortgage, Ltd. and Citation Mortgage Corp., appeal the order *778 dismissing with prejudice counts 17 through 24 of their second amended and supplemental complaint and the summary judgment in favor of appellees on counts 7 through 10 and 12 through 16.
In 1983, Freedom Savings and Loan, F.A., financed the construction of a retirement center and nursing home and obtained a mortgage, note and assignment of rents which were later guaranteed by Southmark Corporation. The property, operated as Ormond-In-The-Pines, was transferred to Ormond Beach Associates Limited Partnership, a syndicated limited partnership of Southmark, subject to, but not in assumption of, the Freedom loan documents. In 1989, Southmark defaulted on the guaranty and declared bankruptcy. Also in 1989, Freedom failed and was taken over by Resolution Trust Corporation (RTC), which moved for relief from the automatic stay in bankruptcy on November 17, 1989, demanding the rents and proceeds from the property. In 1992, RTC assigned all interest in Freedom's rights in the 1983 loan documents, including the assignment of rents, to appellants. Appellants then filed suit against Southmark, Ormond Beach and others and ultimately sued appellees, Galston, Rosen, Weinstein and Limited Partner Investor Monitoring Committee, Inc., general partners in Ormond Beach, alleging that appellees had misappropriated the rents and proceeds from the property. Ormond Beach later declared bankruptcy.
We affirm the dismissal with prejudice of counts 17 through 22, which allege that appellees, in misappropriating the rents from the property, violated sections 818.01 and 818.03, Florida Statutes (1991). Section 818.01, Florida Statutes, provides that it is a crime for a person to pledge, mortgage, sell or otherwise dispose of his or her personal property, which is subject to a written or statutory lien or a conditional sales contract retaining title, without the consent of the holder thereof, or to remove said property from the county without the consent of the lien holder, or to hide, conceal or transfer any such property with the intent to defeat, hinder or delay the enforcement of such lien or the recovery of the personal property. Section 818.03, Florida Statutes (1991), makes it a crime to buy, take, receive or remove personal property subject to a lien from the owner or person in possession of the property, without the lien holder's written consent, or to willfully conceal such property or obstruct, delay or hinder the lien holder in the prosecution of the lien holder's rights.
Violation of these statutes has been held to give rise to a civil cause of action. See Flanigan's Enterprises, Inc. v. Barnett Bank of Naples, 639 So.2d 617 (Fla. 1994). However, we hold, as a matter of law, that rents accrued or collected do not constitute personal property within the meaning of these statutes and therefore counts 17 through 22 were properly dismissed with prejudice. See generally Pope v. State, 94 Fla. 254, 113 So. 629 (1927)(holding that the purpose of the statute prohibiting removal of personal property subject to a lien is to protect the right and opportunity of the vendor of the personal property to repossession in the event of a default).
The trial court also granted summary judgment on counts 7 through 10 and 12 through 14, which are all based on appellants' claim that under section 697.07(3), Florida Statutes (1991), as successors to the assignment of rents, they are entitled to receive all rents derived from the mortgaged property from the date of demand in 1989. Appellants claim the right to immediate possession of rents vested when Ormond Beach defaulted on the mortgage and therefore they have the necessary interest to state causes of action for civil theft of rents (count 7), breach of assignment of rents (count 8), common law conversion of rents (count 9), fraudulent transfer of rents (count 10), unjust enrichment from rents (count 12) and civil theft of rents under Florida's RICO (count 13).
*779 In a prior appeal in this case, this court held that section 697.07 of the Florida Statutes (1991), which governs the assignment of rents and the right to possession of rents upon default, "plainly embraces all rents in the possession of the mortgagor at the time of the mortgagee's written demand, as well as those collected thereafter," and specifies more clearly the procedure to obtain an order sequestering rents subject to assignment, pending litigation and before the mortgagee obtained possession of the mortgaged property. See Ormond Beach Associates Limited Partnership v. Citation Mortgage, Ltd., 634 So.2d 1091, 1091-1092 (Fla. 5th DCA 1994). However, this court also held that the statute could only be applied retroactively because it does not purport to cause the transfer of an ownership interest in rents, but merely establishes the procedures designed to give effect to the parties' rent assignment agreement. See also Oakbrooke Associates, Ltd. v. Insurance Commissioner of State of California, 581 So.2d 943 (Fla. 5th DCA 1991). In Ginsberg v. Lennar Florida Holdings, Inc., 645 So.2d 490, 497 (Fla. 3d DCA 1994), rev. denied, 659 So.2d 272 (Fla.1995), the court held that, although section 697.07 gives a mortgagee with an assignment of rents a right to pursue his or her remedies automatically upon default after a written demand for rents, the demand for rents does not transfer title to the rents, but only affords a right to bring an action to foreclose on the rent. Therefore, the court in Ginsberg concluded that there was no immediate right to the possession of rent which would entitle the mortgagee with an assignment of rents to bring suit for conversion, civil theft or civil RICO violations. Ginsberg, 645 So.2d at 498. We agree with Ginsberg and reject appellants' attempts to distinguish the case. As in Ginsberg, we hold that appellants, as RTC's successors, did not have the necessary right to immediate possession of rents which would entitle them to sue under the theories asserted in counts 7 through 10 and 12 through 14. Therefore, the trial court correctly granted summary judgment in appellees' favor on these counts.
Finally, we hold that the trial court also correctly granted summary judgment on count 16, which alleges equity skimming. As stated in People v. Phelps, 837 P.2d 755, 756 (Colo.1992), equity skimming "is the practice of diverting revenues generated by mortgaged property in default to purposes other than the property maintenance or mortgage payments." Florida had no statutory or common law cause of action prohibiting equity skimming at the time of the assignment of rents or the transfer of the assignment to appellants, and section 697.08, Florida Statutes, enacted in 1994, which now makes equity skimming a crime, applies only to family dwellings and not to retirement centers and nursing homes, even assuming the statute gives rise to a civil cause of action.
AFFIRMED.
ANTOON, C.J., COBB and THOMPSON, JJ. CONCUR.