DUVAL JEWELRY COMPANY, a Corporation, *Plaintiff in Error,* vs. A. SMITH, *Defendant in Error.*

136 So. 878.

Division B.

Opinion filed August 5, 1931.

Petition for rehearing denied September 14, 1931.

*Oakley & Cade, H. E. Oxford* and *Zorah B. Close,* for Plaintiff in Error;

*Ira C. Hopper,* for Defendant in Error.

TERRELL, J.—The declaration in this cause was cast in two counts. The first count was predicated on malicious prosecution and the second count on the abuse of legal process. There was a trial on each count separately, the second count being tried first. At the conclusion of the testimony motion for an instructed verdict was granted and plaintiff took nonsuit. The trial on the first count was continued before the same jury resulting in a verdict and judgment in the sum of $4316.40 for the plaintiff. Motion for new trial was denied and writ of error was taken to that judgment.

Many errors were assigned but we deem it necessary to consider only the third assignment which is bottomed on the refusal of the trial court to grant an instructed verdict for the defendant.

For the treatment of the third assignment of error these facts as disclosed by the record are material; April 1, 1927, A. Smith, the plaintiff below, purchased of Duval Jewelry Company at Lakeland, Florida, the defendant below, one ladies' white gold diamond ring, said purchase being made under a retained title contract on the installment plan, installments payable monthly, on the first day of the month in the sum of twenty dollars each, and to be made continually until the full purchase price was paid. At the time of this purchase A. Smith gave his address as Lakeland, Florida, and his business as that of government employee.

The retained title contract, sometimes called conditional sale contract, involved here is regulated by Section 5202 Revised General Statutes of 1920 as amended by Chapter 9288 Acts of 1923, Laws of Florida (same being Section 7316 Compiled General Laws of 1927). For the purpose of this case said act prohibits the sale, pledge, mortgage, or otherwise disposing of personal property held under conditional sale contract or the

removal of such property from the county where said contract was entered into without the written consent of the person, firm, or corporation holding such contract. Failure or refusal to produce for inspection, and property held under such contract within the county where the lien was created upon the demand of the person holding said contract after the debt secured thereby has become enforceable or the vendee has defaulted in the performance thereof is made prima facie evidence of concealing, selling, or disposing of the same.

The first installment on Smith's conditional sale contract was due May 1, 1927. It was not paid at maturity and on inquiry plaintiff in error found that he had left Lakeland without leaving his forwarding address or any other information as to his destination or where he would be located and could be reached. He was located in Jacksonville, Florida, three weeks later and was arrested on a warrant sworn out by plaintiff in error charging him with pledging, mortgaging, selling, or disposing of the ring he had recently purchased from plaintiff in error under retain title contract contrary to Section 5202 Revised General Statutes of 1920 as above, he having advised appellant that he did not have the ring and refused to give any information as to where it was. He was returned to Lakeland and on being arraigned for trial produced the ring in court. The ring having been produced plaintiff in error promptly had the charge dismissed. Smith then brought the instant action for malicious prosecution.

In Tatum Brothers Real Estate and Investment Company vs. Watson, 92 Fla. 278, 109 So. 623, this Court held that an action for malicious prosecution lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original civil or criminal judicial proceeding, (2) Its legal causation by the present defendant against plaintiff who was

defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff, (4) The absence of probable cause for such proceeding, (5) The presence of malice therein, (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action.

All these elements must be established by a preponderance of the evidence and the burden of proving them including the concurrence of malice and want of probable cause is on the plaintiff. Malice may be implied or inferred from want of probable cause but want of probable cause cannot be inferred from malice.

Except by bare inference there was a complete failure to prove malice or the absence of probable cause. The removal of the ring from Lakeland in Polk County, Florida, to Jacksonville in Duval County, without the written consent of plaintiff in error and the refusal of Smith to reveal any information about it when he was apprehended in Jacksonville was a clear violation of Section 5202 Revised General Statutes of 1920 regulating contracts under which said ring was held and was ample ground to warrant plaintiff in error in the arrest and prosecution.

This Court has held that Section 5202 Revised General Statutes of 1920 prohibiting the removal to another county of goods sold under conditional sale contract without the seller's written consent is to protect the seller by restricting the situs, rather than the reasonable use of the property. Pope vs. State, 94 Fla. 254, 113 So. 629. Conditions might arise under which removal of such goods to another county would not be a violation of the statute per se, Pope vs. State, supra, but it was Smith's duty to advise plaintiff in error of his removal and when he was asked for information as to the ring purchased by him it was his duty to make a full disclosure. His refusal to do so warranted the plaintiff in error in proceeding as he did.

The record further discloses that prior to instituting the prosecution out of which this cause grew plaintiff in error sought and acted on the advice of counsel. The rule seems to be general that acting on the advice of counsel is a complete defense to an action for malicious prosecution either of civil or criminal actions where it appears that the prosecution was instituted in reliance in good faith on such advice, given after a full and fair statement to the attorney of all the facts and the fact that the attorney's advice was unsound or erroneous will not affect the result. 18 R. C. L. 45.

In Florida East Coast Railway Company vs. Groves, 55 Fla. 436, 46 So. 294, this Court approved the foregoing rule in the following terms:

> We recognize the law to be that where an agent of a corporation honestly and in good faith goes to the attorney for the corporation and in good faith makes him a correct, full, and fair statement of all the material facts relevant to the question, and thereupon seeks the attorney's advice as to whether or not he should begin a criminal prosecution against a person, and the attorney advises such agent to swear out a warrant and such agent then acts in good faith upon such advice, believing the charge to be true, there is no liability on the part of the corporation for malicious prosecution.

The advice of counsel cannot be sought or secured as a shield from a feigned action for malicious prosecution or as a cloak to hide malice, but it must be sought in good faith, with the sole purpose of being advised as to the law. The advice of counsel must be predicated on a full, correct, and fair statement of all material facts bearing on the guilt of the accused, the specific proceeding complained of must have been advised by counsel, and the advice must have been acted upon in good faith under the belief that the charge was true. 18 R. C. L. 48.

The evidence of W. R. Cade, an attorney of Lakeland, Florida, is uncontradicted and shows conclusively that be-

fore the prosecution here complained of was brought plaintiff in error secured his advice, that such advice was sought in good faith, that it was predicated on a correct, full, and fair statement of all material facts bearing on the guilt of the accused, that it in other respects met the rule as prescribed by this Court, and that it was acted on in good faith.

For the reasons announced in this opinion the motion for directed verdict in favor of plaintiff in error, defendant below, should have been granted. The judgment below is accordingly reversed.

Reversed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment.

ELLIS, J., not participating.