ALLEN, Judge.
This is an appeal from a final judgment in an action for malicious prosecution in which the trial judge directed a verdict. Lester F. Paulk sued Adam Buczynski after defendant caused a charge of perjury to be filed against plaintiff and the Justice of the Peace dismissed such charge. Defendant claimed the criminal charge was filed upon advice of counsel. Trial was had, and after both parties had presented their evidence, the trial judge directed a verdict for defendant. Plaintiff appeals.
Plaintiff, a building contractor, built a house for defendant. The parties had a very simple contract which called for a $9,000 total consideration to be paid at various stages of construction. The contract referred' to certain plans and specifications which, with the contract, were filed in evidence.
When the house was nearly finished, the parties had a discussion about a sink in the utility room of the house and about a walk around the back of the house. These items were not included in the contract or specifications. After such discussion, the items were purchased and put into the house, that is, the sink was installed and the walk was constructed.
Thereafter, plaintiff and defendant met at the office of defendant’s attorney. The attorney drew up an affidavit which read as follows, omitting formal parts:
“On this day personally appeared before me, the undersigned authority, duly authorized to administer oaths and take acknowledgments, Lester F. Paulk, who after being by me first duly sworn, on oath, deposes and says:
“That he is a general contractor and that under an agreement executed on the 5th day of December, 1955 be *102 tween himself and Adam Buczynski he constructed a dwelling house for a total price of $9,000.00 and that said structure is now completed and finished.
“That he has paid and discharged all sub-contractors, laborers and ma-terialmen and that there are no liens •outstanding of any nature nor any debts or obligations out of which could arise a lien on encumberence. (sic)
“That he is making this affidavit upon consideration of the payment to him of $9,000.00 in full satisfaction and discharge of said contract or agreement.”
Plaintiff read and signed the affidavit, and defendant paid the last payment due under the contract.
Sometime later, defendant received a materialman’s bill for the sink and materials used in the mentioned walk. After plaintiff refused to pay this bill, defendant discussed the matter with his attorney. As a result, defendant instituted criminal proceedings in which plaintiff was charged with perjury under Section 837.01, Florida Statutes, F.S.A. The Justice of the Peace, apparently on preliminary hearing, dismissed the charge.
Plaintiff’s evidence tended to prove that during the discussion about the sink and the walk, defendant agreed to pay for the materials if plaintiff furnished the labor, that defendant stated to the materialman that he was going to have his lawyer “get” plaintiff, that defendant’s lawyer tried to get the materialman to write a letter to defendant threatening to put a lien on the property, and that, at the meeting during which the affidavit was signed, plaintiff reminded defendant out of the presence of defendant’s lawyer, that defendant still owed for the sink and other extra materials.
Also a letter from defendant’s lawyer to plaintiff was put into evidence and read, in part, as follows:
“Dear Mr. Paulk:
“On May 19, 1956 you executed in this office an Affidavit to the effect that all debts contracted for by you in regard to the Buczynski home had been paid and discharged.
“Mr. Buczynski is currently in receipt of a bill from the Tarpon Lumber Company showing an outstanding bill of $57.85 contracted for May 12; also a statement of $32.14 contracted for on May 19. These items were evidently charged by you- to Mr. Buczyn-ski without his knowledge, and, therefore, the Affidavit which you executed was false and apparently constitutes perjury on your part.
“If the facts as outlined herein are in error, please advise me immediately. If not, then I would suggest that you immediately take care of these bills or have your Attorney contact me. Otherwise, I will have no alternative but to take the necessary legal proceedings to straighten out this situation.” (Emphasis supplied.)
At the conclusion of plaintiff’s evidence, defendant moved for a directed verdict, and the trial court denied the motion. Then after both parties had rested, the defendant renewed his motion, and the trial judge directed a verdict for defendant.
As mentioned above, defendant alleged that the perjury prosecution against plaintiff was instituted upon advice of counsel. Such is a complete defense to an action for malicious prosecution; however, such advice of counsel must be based upon a full and complete disclosure of all the facts. Glass v. Parrish, Fla.1951, 51 So.2d 717, 721.
The testimony of defendant indicates that he contended he had not agreed to pay for the involved extra materials. Also, the attorney who advised defendant testified that had defendant disclosed such *103 an agreement, he would not have advised defendant to institute a perjury prosecution.
The state of the evidence in this case is very similar to that appearing in Glass v. Parrish, supra. In the Glass case, the defendants had instituted a forgery prosecution against a young girl who had paid a materialman’s bill with a check, and who signed the check with her mother’s name. Plaintiff claimed that she advised defendants she had authority to sign her mother’s name, which defendants admitted and which the mother verified. However, defendants did not disclose this fact to their counsel. Defendants raised the defense of advice of counsel, and the Supreme Court said:
“It is established law in this jurisdiction that advice of counsel is a defense to an action predicated upon malicious prosecution only in event there has been a full and complete disclosure made to the attorney before his advice is given and followed. It was the jury’s prerogative to, and it evidently did, determine that a full and complete disclosure of all the material facts was not made to the attorney whose advice was sought. Consequently, the defense of advice of counsel was properly rejected by the jury.”
Of course, in the present case, we do not know yet whether the jury would have believed- plaintiff or defendant as to the alleged agreement regarding the extra materials, since the trial judge directed a verdict. In this, we hold he erred. The jury should have been permitted to determine from the testimony whether such an agreement was made and then to determine whether defendant made a full disclosure of fact to his counsel, including such agreement.
We might also point out that plaintiff has questioned the propriety of the trial court’s ruling during cross-examination of defendant as it appears in the following quote from the transcript of the trial proceedings:
“Q. Did you relate when you were seeking this advice with regard to this warrant for perjury, did you advise your counsel or relate to him the facts that yott had yourself agreed to pay for the materials?
“Mr. Hobbs: If the Court please—
“A. Oh no, I state that already, that I never agreed to.
“fThe Court: He has denied that he agreed to pay for them, sir.
“Mr. Hobbs: It hasn’t been shown that any such fact existed and I object to the question.
“The Court: The objection is sustained.”
Though the question put by plaintiff’s counsel might have been objectionable, we do agree that plaintiff should not be so strictly limited with regard to the particular objection sustained. That is, plaintiff should be permitted to cross-examine defendant in detail as to any disclosure made to counsel prior to the perjury proceedings. Admittedly, defendant had denied making the contested agreement as to extras, but plaintiff had presented evidence that such agreement existed. Therefore, plaintiff should be permitted to show that, regardless of whether defendant thought he had not agreed, he did not mention such an agreement to his own counsel. See Glass v. Parrish, supra.
For the reasons stated, this case is reversed and remanded for a new trial.
Reversed and remanded.
KANNER, C. J., and SPIANNON, J.r concur.