210 So.2d 236 (1968)
Carmela BENCOMO, a/k/a Carmen Bencomo, Appellant,
v.
C. Russell MORGAN, Appellee.
No. 67-438.
District Court of Appeal of Florida. Third District.
May 7, 1968.
Rehearing Denied June 4, 1968.
*237 Joe N. Unger, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
CHARLES CARROLL, Chief Judge.
This is an appeal by the plaintiff below from an adverse judgment entered on a verdict directed at the close of the plaintiff's case. The plaintiff's husband had filed a petition in the county judges' court to have plaintiff declared incompetent. His petition was supported by a letter of the defendant, Dr. C. Russell Morgan, who had treated her ten years before, in which the doctor stated she "is badly in need of psychiatric examination." As authorized by the applicable law, on her husband's petition the plaintiff was ordered by the county judges' court to be detained for fifteen days for examination by an examining committee appointed by the court.
At the hearing on the competency proceeding the defendant doctor testified in substance as he had stated in his letter. The court appointed committee consisting of two doctors and a layman, recommended that the plaintiff be discharged. However, one of the appointed doctors diagnosed the plaintiff's condition as "schizophreniac reactions according to information; cause unknown; duration, chronic," and the other diagnosed her as having "personality disturbance; cause undetermined; duration, chronic." On the evidence presented the county judge denied the petition and upheld the competency of the plaintiff.
This suit was brought by the plaintiff against Dr. Morgan, based on the foregoing facts, seeking damages for alleged wrongs charged in the complaint to be defamation of character, libel and slander; malicious prosecution; and wrongful intention and malicious infliction of severe emotional distress.
On consideration of the record, we are in agreement with the able trial judge that no case for relief was made out.
As an evidentiary matter preliminary to the proceeding in the county judges' court the letter of the defendant doctor, as well as his testimony, was privileged. See Fisher v. Payne, 93 Fla. 1085, 113 So. 378, 380; Robertson v. Industrial Insurance Company, Fla. 1954, 75 So.2d 198, 45 A.L.R.2d 1292. The plaintiff presented no evidence to entitle her to recovery against the defendant doctor for malicious prosecution. The proceeding in the county judges' court was not instituted by him, but by the plaintiff's husband. A letter, such as that of the defendant doctor which was filed with the petition, was not a legal requirement for commencement of the proceeding in the county judges' court on the husband's petition, and the county judge so testified in this case. In claiming damages for "wrongful intentional and malicious infliction of severe emotional distress" the plaintiff sought to make a case under and within the authority of Korbin v. Berlin, Fla.App. 1965, 177 So.2d 551. In that attempt the plaintiff failed, as no malice or intention of the defendant doctor to bring about the alleged result was shown.
No reversible error having been made to appear, the judgment is affirmed.
Affirmed.
*238 BARKDULL, Judge (dissenting).
I respectfully dissent from the majority opinion in this cause. It had been ten years since the appellee had treated the appellant as a patient. Therefore, I do not think, as a matter of law, he was entitled to rely upon any privilege between a patient and her doctor for the statement contained in his letter: "She is badly in need of psychiatric examination." I therefore would reverse the action of the trial judge in directing the verdict in favor of the doctor, and permit the matter to be submitted to a jury.