294 So.2d 704 (1974)
Archie Lee KELLY, Appellant,
v.
MILLERS OF ORLANDO, INC., d/b/a Millers Department Store, Appellee.
No. 73-519.
District Court of Appeal of Florida, Fourth District.
May 24, 1974.
*705 Leonard M. Vincenti, Maher & Overchuck, Orlando, for appellant.
B.C. Pyle of Whittaker, Pyle & Stump, Orlando, for appellee.
CROSS, Judge.
Appellant-plaintiff, Archie Lee Kelly, appeals a final judgment entered pursuant to a directed verdict in favor of the appellee-defendant, Millers of Orlando, Inc., d/b/a Millers Department Store, in an action for malicious prosecution. We reverse.
Appellee-defendant, Millers of Orlando, Inc., d/b/a Millers Department Store (Millers) entered into a contract with one John Brannen whereby Brannen would be responsible for cleaning up and hauling away trash from storerooms located in Millers once every week. Brannen subcontracted out his duties under the contract with Millers to the appellant-plaintiff, Archie Lee Kelly, who was in the waste paper collection business. Once a week the appellant would bring his truck to Millers, clean up the storerooms, and load the trash found in the storerooms onto his truck.
On August 10, 1970 the appellant's wife, Cessandra Kelly, was hired by Millers to unpack and tag new clothes. A few days later, Mrs. Togie, a Millers department manager, noticed some new clothes hidden under some paper in a trash box in a storeroom. Mrs. Togie notified the store manager, Mr. Felsenthal, of her finding. Felsenthal advised Mrs. Togie to leave the clothes in the box. On August 17, 1970, while in the process of performing his usual duties at Millers, the appellant loaded the box containing the concealed clothes onto his truck. Thereupon, the appellant was brought to Felsenthal's office and accused of stealing the clothes. Felsenthal promised to take no further action against the appellant if the appellant would disclose who put the clothes in the trash box. The appellant denied any knowledge of the identity of such person and was allowed to depart.
Subsequently, plaintiff was arrested for theft by a police officer of the City of Orlando based upon an affidavit of Millers store employee, Othell Togie. Trial on the charge was held in Orlando Municipal Court. Following the presentation of the city's case against the appellant, the court granted the appellant's motion for judgment of acquittal.
Suit was then instituted in circuit court by the appellant seeking damages from the appellees for malicious prosecution. At the close of the appellant's case, the court granted the appellee's motion for a directed verdict. A motion for a new trial made by the appellant was denied by the court. The circuit court then entered final judgment *706 for the appellee. It is from this final judgment that the appellant takes his appeal.
The question submitted for our determination in this appeal is whether the trial court erred in granting the appellee's motion for a directed verdict and entering final judgment thereon.
It is well settled in Florida that an action for malicious prosecution lies in all cases where there is a concurrence of the following elements: (1) the commencement or continuance of an original civil or criminal judicial proceeding; (2) its legal causation by the present defendant against the plaintiff; (3) its bona fide termination in favor of the plaintiff; (4) the absence of probable cause for such prosecution; (5) the presence of malice; and (6) damage conforming to legal standards resulting to plaintiff. Tatum Bros. Real Estate & Inv. Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926); Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878 (1931); Liabos v. Harman, 215 So.2d 487 (Fla.App. 1968).
Probable cause in malicious prosecution actions is defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged. Dunnavant v. State, 46 So.2d 871 (Fla. 1950); Thompson v. Taylor, 183 So.2d 16 (Fla.App. 1966). In order for probable cause to exist, the countenance of the situation must be such that a cautious man would set in motion the forces of a criminal proceeding. And where it would appear to a cautious man that further investigation is justified before instituting a proceeding, then liability may attach for failure to do so. Liabos v. Harman, supra.
In passing on a motion for a directed verdict, the court must accept as true all of the evidence and reasonable inferences therefrom which tend to support the position of the party moved against. As a corollary, the trial court must disregard the conflicts in the evidence or resolve the conflicts in favor of the party moved against. Jones v. Hoffman, 239 So.2d 76 (Fla.App. 1970); National Bank of Melbourne & Trust Company v. Batchelor, 266 So.2d 185 (Fla.App. 1972), and it is error for a trial court to direct a verdict unless there is no evidence nor any reasonable inference which may be drawn from the evidence which would support a jury verdict in favor of the party moved against. E.g., Little v. Publix Supermarkets, 234 So.2d 132 (Fla.App. 1970).
It is undisputed that five of the six essential elements of malicious prosecution exist in the instant case. The only controversy between the parties concerns whether or not the appellee lacked probable cause to institute the criminal action against the appellant. An examination of the record on appeal indicates that from the evidence adduced at trial and the reasonable inferences to be drawn from the evidence, the jury could have legally found that, at the time Millers employee signed the affidavit which resulted in appellant's arrest, there was a lack of probable cause for the prosecution.
When Othell Togie signed the affidavit, Felsenthal and Othell Togie each knew that the appellant's wife worked in the store unpacking and tagging new clothes, and that new clothes were hidden in one of the trash boxes which the appellant regularly picked up from the store. However, Felsenthal was also aware that merchandise was often deliberately or inadvertently thrown into the trash boxes. He also admitted that he had absolutely no proof that the appellant had stolen anything. Further investigation on the part of Felsenthal would have revealed that the appellant's wife had little or no opportunity to place the clothes in the trash box. This investigation could have quickly and easily been conducted by Felsenthal. The appellee certainly owed the appellant such reasonable investigation, considering the irreparable *707 harm that would likely result to the appellant's reputation and business from an institution of the criminal proceeding.
The evidence on record and reasonable inferences therefrom were legally sufficient to support a jury verdict in favor of the appellant for damages in a malicious prosecution cause of action. Therefore, the trial court erred in directing a verdict for the appellee.
Accordingly, the final judgment entered in favor of the appellee is reversed and the cause remanded for a new trial.
Reversed and remanded.
OWEN, C.J., and DOWNEY, J., concur.