335 So.2d 604 (1976)
Allan H. APPLESTEIN and Continental Casualty Insurance Company, Appellants,
v.
Douglas PRESTON, Appellee.
Nos. 75-1000, 75-1001 and 75-1563.
District Court of Appeal of Florida, Third District.
June 2, 1976.
Rehearing Denied August 10, 1976.
*605 Carey, Dwyer, Austin, Cole & Selwood, Miami, for appellants.
Bolles, Goodwin, Ryskamp & Welcher and Arthur M. Simon, Alfred Gustinger, Jr., Miami, for appellee.
Before BARKDULL, C.J., and HAVERFIELD, J., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
The appellants seek reversal of a judgment for compensatory and punitive damages entered on a jury verdict in favor of the plaintiff in an action for malicious prosecution.
Appellants contend that court erred in denying the motion for the defendant Allan H. Applestein for a directed verdict.
The record discloses the following facts. In June of 1969, the appellee Douglas Preston, at the request of Applestein, performed certain repairs on a boat owned by a corporation of which Applestein was the president. Payment for the repair charges of $34.18 was refused on the ground that the work was unsatisfactory. The repairs then were made or completed by another person. Approximately two months later, at a time when the boat was docked at the waterfront premises of Applestein in the City of Coral Gables, Preston approached by boat, and entered the premises. He went to the house, and asked defendant's wife for payment which she advised she could not make. Plaintiff then went to the dock and was seen (by defendant who was on a sundeck of the house) to take a fishing rod and reel from the boat on which he had worked. Defendant called out to the plaintiff who went to his boat and departed with the items taken. Applestein was informed by the city police that in order for any action to be taken by the police it would be necessary for him to swear out a warrant for the arrest of Preston. Applestein related the facts to his attorney, who then advised him to swear out the warrant. Thereafter Applestein talked by telephone with Preston to see if Preston would *606 return the items. Preston informed Applestein he would not, unless the bill was paid. Applestein then filed a required affidavit, and a warrant was issued for the arrest of Preston. The arrest was made, and Preston posted an appearance bond. Preston assumed, mistakenly, that he could properly take and hold the items as a lien for payment of his bill. Applestein and his attorney believed the taking of the items was unlawful. On trial of the matter in the municipal court Preston was acquitted.
Preston filed a complaint alleging Applestein caused his arrest maliciously and without probable cause; alleged his exoneration by the municipal court; that his good name was injured and his feelings wounded; and that he sustained business loss as a result of the arrest.
Applestein answered averring he acted on probable cause and on advice of counsel. On trial of the action the jury rendered a verdict for the plaintiff. The trial court entered a judgment thereon. Thereafter the court entered a remittitur of a portion of the punitive damages as an alternate to granting a new trial. Plaintiff filed an acceptance of the remittitur. Applestein appealed.[1]
On consideration of the record, briefs and argument, we hold the trial court erred in denying the defendant's motion for a directed verdict. A directed verdict in favor of the defendant Applestein should have been granted because of the absence of proof of want of probable cause and because the defendant acted on advice of counsel.
To succeed in an action for malicious prosecution the plaintiff has the burden of establishing by a preponderance of the evidence the presence or existence of six elements. Tatum Bros. Real Estate & Investment Company v. Watson, 92 Fla. 278, 109 So. 623; Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878; Kest v. Nathanson, Fla.App. 1969, 216 So.2d 233, 235; Kelly v. Millers of Orlando, Inc., Fla.App. 1974, 294 So.2d 704; American Salvage and Jobbing Co., Inc. v. Salomon, Fla.App. 1974, 295 So.2d 710. Those elements, as repeated in the decisions, were stated in Tatum Bros. by the Supreme Court, speaking through Justice Whitfield, as follows:
"An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action."
Probable cause was defined by the Supreme Court in Goldstein v. Sabella, Fla. 1956, 88 So.2d 910, 911, 58 A.L.R.2d 1418, as follows:
"Probable cause is defined as `A reasonable ground of suspicion, supported by *607 circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.' Dunnavant v. State, Fla., 46 So.2d 871, 874. This, as well as other acceptable definitions of the term, indicates that one need not be certain of the outcome of a criminal or civil proceeding to have probable cause for instituting such an action."
See to the same effect Gallucci v. Milavic, Fla. 1958, 100 So.2d 375, 377, 68 A.L.R.2d 1164; Kelly v. Millers of Orlando, Inc., supra.
The evidence presented in this case failed to show want of probable cause. The circumstances were sufficient to warrant a belief the accused was guilty of the offense charged. The taking of the articles from the boat by the plaintiff was seen by the defendant, from some distance. The defendant reported the facts to his attorney and was advised to file the required affidavit for issuance of a warrant for the arrest of the plaintiff. Before doing so the defendant contacted the plaintiff, seeking return of the property. The plaintiff refused. Thereafter the defendant, as advised by his counsel, caused the warrant to be issued. A return of the property by the plaintiff to the police department took place after issuance of the warrant, and it was not shown that the defendant knew thereof prior to action by the police on the warrant.
When want of probable cause was not established, the existence thereof could not be inferred from malice, if malice was proved. Although malice may be inferred from want of probable cause, want of probable cause cannot be inferred from malice. Ward v. Allen, 152 Fla. 82, 11 So.2d 193; Duval Jewelry Co. v. Smith, supra; Gallucci v. Milavic, supra; Thompson v. Taylor, Fla.App. 1966, 183 So.2d 16.
Nor could the plaintiff rely on his acquittal, as establishing want of probable cause. Acquittal of a person tried for violating law is not sufficient to establish absence of probable cause for instituting criminal proceedings. Ward v. Allen, supra; Sponder v. Brickman, Fla.App. 1960, 214 So.2d 631.
Additionally the evidence that the defendant proceeded on advice of counsel constituted a defense to the action. Here there was a showing of the requisite disclosure by the defendant to his attorney, upon whose advice the defendant acted. Duval Jewelry Co. v. Smith, supra; Paulk v. Buczynski, Fla.App. 1958, 106 So.2d 100, 102; Herbeck v. Holdeman, Fla.App. 1964, 163 So.2d 766. In Duval Jewelry Co. the Supreme Court said:
"The record further discloses that prior to instituting the prosecution out of which this cause grew plaintiff in error sought and acted on the advice of counsel. The rule seems to be general that acting on the advice of counsel is a complete defense to an action for malicious prosecution either of civil or criminal actions, where it appears that the prosecution was instituted in reliance in good faith on such advice, given after a full and fair statement to the attorney of all the facts, and the fact that the attorney's advice was unsound or erroneous will not affect the result. 18 R.C.L. 45."
For the reasons assigned, the judgment is reversed.
NOTES
[1] With reference to the appeal filed by Continental Casualty Insurance Company, No. 75-1563, the brief of the appellants stated as follows:

"The appellant, Continental Casualty Insurance Company, was not a party in the court below until its inclusion in the final judgment. The Appellant is not opposing this action by the trial court due to an earlier summary judgment for the appellant, Allan H. Applestein, requiring appellant, Continental, to insure as to any compensatory damages."