## BITTNER v. CASTELLI, et al.

No. 78-9952.

Circuit Court, Broward County.

August 24, 1979.

George J. Blustein, North Miami Beach, for the plaintiff.

Alan J. Braverman, Fort Lauderdale, for the defendant Castelli.

Norman S. Segall, Miami, for the defendant Segal.

Dieter K. Gunther, Fort Lauderdale, for the defendants Stack and Navarro.

JOHN A. MILLER, Circuit Judge.

This cause is before the court upon the motion to dismiss of defendant Martin Segal. The court having heard argument of counsel, having reviewed the memoranda of law submitted by counsel and being otherwise fully advised in the premises, it is ordered and adjudged —

Taking the well pleaded allegations of the complaint as true, defendant Martin Segal was a hypnotist employed by the Broward

sheriff's office during the course of its investigation into an armed robbery which occurred at the Copa Lounge. The other defendants are the owner and operator of the Copa Lounge, the sheriff of Broward County and the chief of the pornography division of the Broward sheriff's office. The plaintiff was acquitted in that case and this malicious prosecution action followed.

According to the complaint, defendant Segal was employed by the Broward sheriff's office to hypnotize certain witnesses to the crime after a prior photographic lineup failed to result in an unequivocal identification. Defendant Segal is alleged to have hypnotized these witnesses "in contradiction to proper procedure for investigative hypnosis, and with malice aforethought" with the result that the identification of the plaintiff was implanted in those witnesses' minds. Thereafter the criminal prosecution "was instituted and instigated by defendants Stack, Navarro and Castelli and aided and abetted" by defendant Segal.

Defendant Segal contends that, as an expert witness hired by the police, he could not have been responsible for the commencement or continuance of the original criminal proceeding and that he could not have been its legal causation. *Applestein v. Preston*, 335 So.2d 604 (Fla. 3rd D.C.A. 1976); *Bencomo v. Morgan*, 210 So.2d 236 (Fla. 3rd D.C.A. 1968). The court agrees.

In *Bencomo*, a doctor wrote a letter in support of a petition to have plaintiff declared incompetent even though he had not seen the plaintiff in ten years. The court found that the incompetancy proceeding was instituted not by the doctor but rather by the alleged incompetent's husband who had filed the petition himself. In the case at bar, it was not the defendant Segal who instituted, instigated, or continued the original proceeding, but the police who hired him.

Nor does the conclusion of malice which is contained in the complaint, unsupported by any ultimate facts, save a malicious prosecution complaint which is deficient as to other requisite elements. *Applestein v. Preston*, supra.

Plaintiff claims that the actions of defendant Segal gave "momentum" to the case by his attitude, thereby continuing it. In this regard plaintiff cites *Killen v. Olson*, 59 So.2d 524 (Fla. 1952). However, the Killen case and others cited to the court by the plaintiff involve the filing of an affidavit by one involved in the case upon which an arrest warrant was issued. No cases have been cited to the court wherein an expert witness employed by the police in the investigation of a case has been found to be liable in a malicious prosecution action.

The court therefore concludes, on the facts alleged, that the expert hypnotist hired by the police in the course of its investigation of a crime is not liable for malicious prosecution in an action commenced by the person charged with that crime based upon the identification produced under hypnosis. As a matter of law the hypnotist cannot commence, institute, instigate or continue the underlying criminal case nor can he be the legal cause of its being instituted or prosecuted.

This cause is therefore dismissed, with prejudice, as against defendant Martin Segal.