## GUTHRIE v. FLORIDA POWER & LIGHT COMPANY
### Case No. 83-17633 CA 22
Eleventh Judicial Circuit, Dade County
April 24, 1984

Darrey A. Davis, Steel Hector & Davis, for defendant.

Henry N. Adorno, for plaintiffs.

ROBERT P. KAYE, Circuit Judge.

The plaintiff, Walter Lain Guthrie ("Walter"), initially sued Florida Power & Light Company ("FPL") for abuse of process (Count III of the complaint) and for malicious prosecution (Count IV of the complaint).

FPL moved for summary judgment on both claims upon the same grounds. Walter then voluntarily dismissed his abuse of process claim. Only Walter's remaining malicious prosecution claim is now pending.

The Court has heard arguments of counsel on FPL's motion (and appendix) for partial summary judgment on Walter's malicious prosecution claim alleged in Count IV of the complaint, and memorandum in response thereto, and the Court has reviewed the entire record.

The subject matter of this litigation stems from incidents occurring April 16, 1982, between William Lain Guthrie ("William") and Roger L. Fritze and W.T. Bethea, employees of FPL. Walter was not an active participant in the subject incidents. However, the State Attorney on June 15, 1982, filed criminal charges against Walter, instead of William. The State Attorney dismissed the criminal charges against Walter, and refiled the same charges against William. Walter then brought this action for malicious prosecution against FPL. The threshold question presented for determination is whether FPL's employees caused the commencement of the criminal proceedings against Walter, or whether, as asserted by FPL's affirmative defense, the commencement of the criminal proceedings against Walter was caused by mistake of the State Attorney, and not through any fault of FPL.

Allegations of the Complaint

The complaint contains the following allegations forming the basis of Walter's cause of action for malicious prosecution:

> 7. . . . Fritze and Bethea prepared and filed an "Incident Report" with the Metro-Dade Police Department, in which they accused William Lain Guthrie of criminal acts of battery and destruction of personal property. (Emphasis added.)

> 8. On approximately April 20, 1982 Fritze prepared for FP&L an internal "Confidential Investigative Report" which alleged that William Lain Guthrie had become "violent" and had "assaulted" Fritze and Bethea during the April 16, 1982 meeting and that "police officers and private security [had] been contacted . . . in order to protect Bethea, his wife and children"; the report included an affidavit made and executed by Wayne Bethea under oath before Roger Fritze. (Emphasis added).

> 9. On approximately June 15, 1982 the State Attorney for the Eleventh Judicial Circuit, Dade County, Florida, filed an Information charging Walter Lain Guthrie, the son, with two counts of battery and one count of criminal mischief on the

basis of the reports, statements and allegations made by Fritze and Bethea. (Emphasis added).

10. On August 23, 1982 Walter Lain Guthrie filed a Sworn Motion to Dismiss, and on September 1, 1982 the State of Florida announced a nolle prosequi of the charges against Walter Lain Guthrie. (Emphasis added).

\* \* \*

31. FP&L caused the charges of criminal mischief and battery to be commenced or otherwise continued against Walter Lain Guthrie with malice, without probable cause, in bad faith, and without belief in the guilt of Walter Lain Guthrie. (Emphasis added).

The Undisputed Facts

The pleadings, depositions, admissions, and exhibits on file show there is no genuine issue as to any material fact. The record reflects the following facts material to the question involved.

(1) Immediately following the incidents occurring April 16, 1982, between William and Fritze and Bethea, the Metro-Dade Police made an investigation, interviewed all parties, and filed an Incident Report, referring the "victims" to the State Attorney's office. Fritze prepared a Confidential Investigative Report, and Bethea made an affidavit, setting out in detail their version of the material facts as they saw them.

(2) The Incident Report, Confidential Investigative Report, and Bethea's affidavit did not accuse Walter of any act constituting a criminal offense. William was identified as the person involved in the incidents.

(3) Fritze on April 22, 1982, presented to the State Attorney's office the Incident Report and Confidential Investigative Report. Therefore, Bethea's affidavit was presented. It was left entirely to the judgment of the State Attorney's office whether or not the filing of the criminal proceedings was justified.

(4) Notwithstanding that the facts presented showed that William was the person involved, the State Attorney's office on April 23, 1982, sent to Walter a "prior to" letter stating that the office was investigating a complaint against him concerning a possible "criminal mischief" occurring on April 16, 1982. The State Attorney's office advised Walter that, prior to acting on this complaint, he was offered the opportunity to discuss his version of the incident.

(5) In response to the "prior to" letter sent to Walter, William and his attorney met with an Assistant State Attorney and Legal Assistant.

William specifically informed them that Walter did not commit any criminal offense, and that he, William, was the person involved in the incident referred to in the "prior to" letter.

(6) Nevertheless, said Assistant State Attorney on June 15, 1982, filed an information charging Walter with battery and criminal mischief arising out of the incidents occurring on April 16, 1982.

(7) Fritze and Bethea testified on depositions at the State Attorney's office that no battery or criminal mischief or any other criminal offense was committed by Walter, and that they never accused Walter of any criminal act. Metro-Dade Police Officer, John Walker, who investigated the incidents and made the Incident Report, testified that Fritze and Bethea informed him that Walter was not involved. Walter was listed in the Incident Report as a witness. William was identified as the "subject".

(8) Despite the sworn testimony and documentation that Walter was not involved, the State Attorney continued to prosecute the criminal charges against Walter until September 1, 1982, when the charges against Walter were dismissed by nolle prosequi, and the identical charges refiled against William.

(9) The Assistant State Attorney who filed the criminal charges against Walter confirmed on deposition that the criminal charges were filed against the wrong person, and that the criminal charges should have been filed against William, and not against Walter. The Legal Assistant sending the "prior to" letter to Walter testified that Fritze and Bethea never accused Walter of any criminal offense, and that there was nothing in writing or verbally before the State Attorney's office which indicated Walter had committed any criminal offense. If any criminal charges were filed, they should have been filed against William, and not against Walter.

Accordingly, the Court finds that the criminal proceedings upon which Walter's malicious prosecution claim is based were not caused by the employees of FPL. The criminal proceedings complained of were commenced and continued by mistake of the State Attorney's office. FPL is not liable to Walter for the mistake of the State Attorney's office.

Conclusions of Law

In order to recover on his malicious prosecution claim, plaintiff, Walter Lain Guthrie, has the burden to establish that FPL's employees commenced or caused the commencement of the subject criminal proceeding against him.

The controlling rule of law is stated in *Weissman v. K-Mart Corp.,* 396 So.2d 1164, 1167 (Fla. 3d DCA 1981), as follows:

> Six elements must be established by the plaintiff in a malicious prosecution case: (1) a criminal proceeding was commenced or continued against the plaintiff; (2) the defendant commenced or caused the commencement of such proceedings; (3) the criminal proceeding had a bona fide termination in the plaintiff's favor; (4) there was no probable cause for commencing criminal proceedings; (5) the defendant acted with malice; and (6) the plaintiff suffered damage. Shidlowsky v. National Car Rental Systems, Inc., 344 So.2d 903 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 516 (Fla. 1978). (Emphasis added).

*See* also *Harris v. Lewis State Bank*, 436 So.2d 338, 340 (Fla. 1st DCA 1983); *Jackson v. City of Pompano Beach*, 406 So.2d 1257, 1258 (Fla. 4th DCA 1981); *Applestein v. Preston*, 335 So.2d 604, 606 (Fla. 3d DCA 1976), *cert. denied*, 341 So.2d 1084 (Fla. 1976); *Community National Bank of Bal Harbour v. Burt*, 183 So.2d 731, 733 (Fla. 3d DCA 1966).

The absence of any one element is fatal to the action. *Clements v. Eastern Airlines, Inc.*, 183 So.2d 264, 266 (Fla. 3d DCA 1966). As the Supreme Court stated in *Duval Jewelry Co. v. Smith*, 102 Fla. 717, 136 So. 878, 880 (1931):

> All these elements must be established by a preponderance of the evidence, and the burden of proving them . . . is on the plaintiff. . . .

The record establishes that the employees of FPL made a full and fair presentation of the material facts to the State Attorney, leaving to the judgment and responsibility of the State Attorney whether to prosecute criminal proceedings. Under such undisputed facts, FPL is not liable.

As held in *Adler v. Segal*, 108 So.2d 773, 774 (Fla. 3d DCA 1959):

> Defendants maintain that they were within the rule of protection that one who makes a full and fair presentation of all material facts to a prosecuting attorney, relying upon that officer's judgment as to the propriety of a criminal prosecution, can not be held in a later malicious prosecution suit should the prosecution be brought and fail, since the reliance upon this public official is conclusive as to good faith and probable cause. Florida East Coast R. Co. v. Groves, 55 Fla. 436, 46 So. 294; 34 Am. Jur., Malicious Prosecution, Sections 72-80; 21 Fla. Jur., Malicious Prosecution Sections 8, 13. Prosser on Torts, 2nd Ed., Section 98.

If defendant truthfully states the facts to the prosecuting attorney and he makes a mistake in filing the information on the facts stated, defendant can not be held responsible 54 C.J.S., Malicious Prosecution, § 17, p. 969.

See *Whittaker v. Duke*, 473 F. Supp. 908 (D.C. N.Y. 1979); *Universal Foods Corp. v. Laurix*, 521 F. Supp. 932 (D.C. Ill. 1981); *Earl v. Winne*, 101 A.2d 535, 14 N.J. 119; *Ada Oil Company v. Dillaberry*, 440 S.W.2d 902 (Tex. Civ. App. 1969).

And in *Gogue v. McDonald*, 218 P.2d 542, the court stated:

> (A)ccording to the weight of authority the defendant is protected where he does nothing more than lay the facts before the magistrate even though they are insufficient to show that a public offense has been committed. The rule is said to flow from the injustice of holding the defendant guilty of any tort if he merely makes an honest statement of the facts to a mistrate leaving to him such action as he may deem proper. . . . to hold the complainant on account of the justice's mistake would not only be grossly unjust but would also be highly injurious to the public interest. . . . (Emphasis added).

The material fact fully and fairly made known to the State Attorney's office by FPL's employees was that William, and not Walter, was the person involved in the incident occurring on April 16, 1982. Therefore, the commencement of the criminal proceedings against Walter was not caused by the employees of FPL, but solely by mistake of the State Attorney's office. There is no genuine issue on this material fact.

On the basis of the undisputed material facts and conclusions of applicable law, it is accordingly

ORDERED AND ADJUDGED as follows:

1. Defendant's motion for summary judgment is granted, and a partial summary judgment is hereby entered in favor of the defendant, Florida Power & Light Company, and against the plaintiff, Walter Lain Guthrie, on the claim for malicious prosecution alleged in Count IV of the complaint in this action.

2. The cause of action for malicious prosecution alleged in Count IV of the complaint is dismissed with prejudice and the plaintiff, Walter Lain Guthrie, shall take nothing by this action, and the defendant, Florida Power & Light Company, shall go hence without day as to said action for malicious prosecution.

3. The Court retains jurisdiction to tax the appropriate costs and expenses of the subject malicious prosecution action against said plaintiff, upon hearing after notice.