BOARDMAN, EDWARD F., (Ret.), Judge.
Appellants, Angelo A. Cuccia and Olive Skidd, appeal the denial of their motion for judgment in accordance with their motion for directed verdict and/or new trial.
Appellants raise three points on appeal. First, whether the trial court erred in failing to grant their motion for directed verdict regarding a replevin action filed by appellant Cuccia and a criminal action filed by appellant Skidd against appellees, Clifford and Edith Westberry. Second, whether the exclusion of certain testimony offered for impeachment purposes constituted an abuse of discretion. Finally, whether the punitive damages awarded to appellees were excessive. By reversing on Point I, we need not address the issues raised in Points II and III.
The facts giving rise to this appeal are as follows. Appellant and Mrs. Cuccia resided part of each year in Bradenton, Florida and part in Jamestown, New York. The Cucci-as gave a key to their Florida home to appellees, their next door neighbors, so they could take care of the property while the Cuccias were away.
While in New York, the Cuccias were divorced. As a result of that proceeding, appellant Cuccia was awarded the use and occupancy of the Florida residence. Upon his return to Florida, he discovered that certain items of personal property had been removed from the home. Appellant Cuccia. reported the missing items to the police. Upon investigation, the officers discovered that appellees had a key to the home and had removed several items at Mrs. Cuccia’s request. Appellant Cuccia requested the return of the items, but appellees refused.
In February 1982, appellant Cuccia contacted the police department regarding the discharge of a firearm within the city limits by Mr. Westberry. Appellant Cuccia also stated that he had received an obscene phone call from Mrs. Westberry which was overheard by appellant Skidd, who was employed by him and resided at his residence.
Appellant Cuccia requested that a trace be placed on his telephone and was informed that a trace had to be authorized by the state attorney’s office. Appellant Skidd then drove appellant Cuccia to the state attorney’s office where appellant *1061 Skidd signed affidavits regarding the shooting incident and the obscene phone call.
The replevin action was tried nonjury on July 8, 1982. The trial court held that appellant Cuccia had failed to prove his case against appellees. On August 25, 1982, the state entered a nolle prosequi on the criminal charges.
On May 6, 1983, appellees filed a malicious prosecution action against appellants alleging both the criminal action and the replevin action as essential elements. A jury verdict was returned in favor of appel-lees.
On February 26, 1986, appellants Cuccia and Skidd each filed separate motions in arrest of judgment and a motion for judgment in accordance with the motion for directed verdict and/or a motion for new trial. These motions were denied on May 22, 1986, and appellants timely appealed.
There are six essential elements which must be established by a preponderance of the evidence in order to prevail in an action for malicious prosecution. There must be: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was the defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause; (5) the presence of malice; and (6) damage to the present plaintiff conforming to legal standards. Applestein v. Preston, 335 So.2d 604 (Fla. 3d DCA 1976).
The case at bar involves two separate actions. We find in regard to the replevin action that appellees failed to prove that appellant Skidd commenced the action, thus failing to establish one of the essential elements of a malicious prosecution action. Applestein. As to appellant Cuccia, we find that the malicious prosecution action was properly instituted against him since he initiated the replevin action. Hence, the malicious prosecution action could only properly be brought against appellant Cuccia. However, upon review of the record, we find that appellant Cuccia had sufficient probable cause to believe appellees removed property from his home. Thus, appellees failed to establish the elements necessary to prevail in the malicious prosecution action against appellant Cuc-cia.
Regarding the criminal action, we find that appellees failed to establish that appellant Cuccia initiated the action. Appellant Cuccia did not sign any affidavits or give any information to the state attorney’s office regarding the criminal charges. Appellant Skidd signed the complaint regarding the shooting incident and the obscene phone call. Therefore, the malicious prosecution action should have been filed only against appellant Skidd as it related to the criminal action. However, upon review of the record, we find that appellees failed to establish the elements necessary to prevail in a malicious prosecution action as it relates to appellant Skidd and the criminal action.
Reversed.
LEHAN, A.C.J., and SANDERLIN, J„ concur.