PER CURIAM.
This is an appeal from a judgment rendered against Royal Trust Bank, N.A. (Royal Trust) awarding $2,000.00 in compensatory damages and $100,000.00 in punitive damages to Spike Von Zamft (Von Zamft) on his counterclaim against Royal Trust. Von Zamft cross-appeals the award of $2,503.92 entered in favor of Royal Trust on its complaint against him. We reverse the judgment as to the appeal and affirm as to the cross-appeal, upon the following brief analysis.
The relevant facts are as follows. Royal Trust’s complaint alleged that it was entitled to money damages because Von Zamft wrongfully sold a car which was under lien to Royal Trust, in violation of section 818.-01, Florida Statutes.[1] Von Zamft’s counterclaim alleged that Royal Trust had maliciously initiated criminal prosecution against him pursuant to section 818.01.
Both awards were based on a jury verdict consisting of answers to special interrogatories. In its verdict, the jury first specifically found that Royal Trust should recover on its civil complaint against Von Zamft pursuant to section 818.01.
Subsequently, the jury also awarded Von Zamft compensatory and punitive damages on his counterclaim for malicious prosecution under section 818.01.
Royal Trust Bank contends on appeal, and we agree, that its counsel, Kris E. Penzell, was given the responsibility for collecting the loan from the moment it went into default. It was Penzell who actually gathered the facts, and it was Pen-zell who actually contacted the State Attorney’s office to press charges.
Furthermore, the record is devoid of any evidence to suggest that Royal Trust withheld or failed to disclose any relevant facts to its counsel. Glass v. Parrish, 51 So.2d 717, 721 (Fla.1951) (“[Ajdvice of counsel is a defense to an action predicated upon malicious prosecution only in the event there has been a full and complete disclosure made to the attorney before his advice is given and followed.”) Moreover, there is no evidence to indicate that Royal Trust took any action without counsel’s advice. See Arney v. Dep’t of Natural Resources, 448 So.2d 1041, 1044 (Fla. 1st DCA 1983) (“Advice of counsel is a valid defense if counsel is aware of the relevant facts and if the arrest is made pursuant to counsel’s advice.”)
In Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878, 880 (1931), the Supreme Court said:
The record further discloses that prior to instituting the prosecution out of which this cause grew plaintiff in error sought and acted on the advice of counsel. The rule seems to be general that acting on the advice of counsel is a complete defense to an aetipn for malicious prosecution either of civil or criminal actions, where it appears that the prosecution was instituted in reliance in good faith on such advice, given after a full and fair statement to the attorney of all the facts, and the fact that the attorney’s *656 advice was unsound or erroneous will not affect the result.
There being no contrary evidence, Royal Trust’s reliance on its counsel is therefore a bar to Von Zamft’s counterclaim of malicious prosecution. See Applestein v. Preston, 335 So.2d 604 (Fla. 3d DCA 1976). Thus, judgment in favor of appellee is reversed with instructions to enter judgment in favor of Royal Trust.
On his cross-appeal, Von Zamft contends that a directed verdict should have been entered in his favor. A directed verdict is proper only when the record conclusively shows an absence of facts or inferences from facts to support a jury verdict, viewing the evidence in a light most favorable to the nonmoving party. Schreidell v. Shoter, 500 So.2d 228 (Fla. 3d DCA 1986); Rivera v. Randle Eastern Ambulance Serv., 446 So.2d 200 (Fla. 3d DCA 1984).
We have carefully reviewed the record, briefs and arguments of counsel in accordance with the foregoing principle and conclude that there is evidence upon which a jury could have determined that Von Zamft was guilty, under section 818.01, of wrongfully selling a car which was under lien to Royal Trust Bank. Accordingly, that portion of the final judgment cross-appealed which awarded damages in favor of Royal Trust is affirmed.
Based on the reasons and authorities set forth above, the judgment appealed is affirmed in part, insofar as it awarded damages. in favor of Royal Trust on its complaint against Von Zamft, and reversed in part, insofar as it awarded compensatory and punitive damages in favor of Von Zamft on his counterclaim against Royal Trust.
Affirmed in part, and reversed in part.

. Section 818.01 (“Disposing of personal property under lien, etc") provides, in pertinent part, as follows:
(1) Whoever shall pledge, mortgage, sell, or otherwise dispose of any personal property to him belonging, or which shall he in his possession, and which shall be subject to any written lien, or which shall be subject to any statutory lien, whether written or not, or which shall be the subject of any written conditional sale contract under which the title is retained by the vendor, without the written consent of the person holding such lien, or retaining such title ... shall be guilty of a misdemeanor of the first degree....
A violation of section 818.01 may give rise to a civil cause of action for compensatory and punitive damages in favor of persons which the statute seeks to protect by creating a duty to such persons, in addition to prescribing punishment for unlawful disposition of such property. Rosenberg v. Ryder Leasing, Inc., 168 So.2d 678, 680 (Fla. 3d DCA 1964); see Littman v. Commercial Bank & Trust Co., 425 So.2d 636, 638 (Fla. 3d DCA 1983).