601 So.2d 1241 (1992)
RELIANCE INSURANCE COMPANY, Appellant,
v.
LAZZARA OIL COMPANY, Appellee.
No. 91-02411.
District Court of Appeal of Florida, Second District.
June 17, 1992.
Rehearing Denied July 22, 1992.
Ted R. Manry and H. Vance Smith of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
David A. Maney of Maney, Damsker & Arledge, P.A., Tampa, and Philip W. Dann of Philip W. Dann, P.A., St. Petersburg, for appellee.
LEHAN, Judge.
This is an appeal in a declaratory judgment case from a summary judgment declaring that coverage exists under a comprehensive general liability insurance policy issued by appellant insurance company to appellee insured. The coverage was declared to exist for damages claimed in a suit against the insured for the insured's unlawful interceptions, through recordings, of telephone conversations with the plaintiffs *1242 in that suit in alleged violation of section 934.03, Florida Statutes (1983). Section 934.03 provides, in pertinent part, that
[A]ny person who ... [w]illfully intercepts ... any wire or oral communication ... shall be guilty of a felony of the third degree ... [unless] all of the parties to the communication have given prior consent to such interception.
The suit for damages was based upon section 934.10 which provides for the recovery of damages from "[a]ny person whose wire or oral communication is intercepted ... in violation of this chapter... ." We reverse.
The only arguable coverage under the policy is for what the policy defines as "personal injury." But the policy specifically provides,
personal injury does not include injury arising out of ... the willful violation of penal statute ... committed by or with the knowledge or consent of any insured... .
We conclude that the coverage claimed by the insured in this case is excluded by that provision.
That the complaint in the damage suit against the insured alleges that the recordings were "intentional," whereas section 934.03 refers to "willful" conduct, is, contrary to the insured's argument, of no moment. "Willful" and "intentional" in this criminal law context are synonymous. See Linehan v. State, 442 So.2d 244, 247, 251 (Fla. 2d DCA 1983) (en banc), approved, 476 So.2d 1262 (Fla. 1985).
For the meaning of "willful" or "intentional" in this context we look to judicial interpretations of penal statutes which include a willful or intentional act as an element of a crime. That is, we construe the word "willful" in the insurance policy in this case in the criminal law context in which it was used. Contrary to the insured's arguments, to be in willful or intentional violation of section 934.03 and therefore to be excluded from coverage under the above-quoted policy provision, an act need not be intended to cause harm or violate the law. Id. at 247. That is, just as section 934.03, by providing that the willful interception of wire or oral communications is a crime, establishes a general intent crime which does not require for its commission a specific intent to cause harm or violate the law, id., so also, we conclude, does the above-quoted policy provision exclude coverage for an act constituting such a general intent crime. As Linehan points out, "in general intent statutes words such as `willfully' or `intentionally,' without more, indicate only that the person must have intended to do the act and serve to distinguish that conduct from accidental (noncriminal) behavior or strict liability crimes." Id. See also Western Casualty & Surety Co. v. City of Palmyra, 650 F. Supp. 981 (E.D.Md. 1987) (no insurance coverage for damages sought from insured for wiretapping illegal under 18 U.S.C. § 2520 when policy excluded "personal injury arising out of the willful violation of a penal statute ... committed by or with the knowledge or consent of any insured.").
In other words, the intent to do the act of recording the telephone conversations was equivalent to the intent to cause the natural consequences of that act, to wit, the harm which section 934.03 was enacted to interdict and for which section 934.10 provides a civil remedy. See Linehan, 442 So.2d at 247. "A person's subjective intent to cause the particular result is irrelevant to general intent crimes because the law ascribes to him a presumption that he intended such a result." Id.
We have serious doubts that advice of counsel, which was pleaded by the insured in this case as a defense to a section 934.03 crime and is argued on appeal, can be a valid defense to a general intent crime like that under that section in which there is such clearly delineated notice of the proscribed conduct.[1]See United States v. Dyer, 750 F. Supp. 1278, 1293 (E.D.Va. 1990) ("In general, an advice of counsel defense applies only where the violation requires proof of specific intent... ."); United States v. Lord, 710 F. Supp. 615, 617 *1243 (E.D.Va. 1989), affirmed, 902 F.2d 1567 (4th Cir.1990) ("[b]ecause the ... charge does not require proof of specific intent, the defendant was not entitled to an instruction on the defense of advice of counsel"). Compare, e.g., Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878 (Fla. 1931); Applestein v. Preston, 335 So.2d 604 (Fla. 3d DCA 1976) (advice of counsel is a defense to malicious prosecution in which malice, or intent to harm, is an element of the cause of action).
But we need not decide whether advice of counsel is a valid defense to the crime alleged in this case. From the nature of the communications of the insured with its attorney in that regard, as shown by the testimony of the insured's owner and its vice-president of operations, it is clear that the insured had received no advice of counsel upon which it could have relied in good faith for a belief that no violation of section 934.03 would occur from recording the telephone conversations without the consent of the other parties to those conversations. According to those depositions, the owner admitted to initially having had a concern about the legality of the recordings and said he had asked the vice-president to "run it through" the insured's attorney. The insured's attorney was consulted in that regard. However, the testimony of the vice-president was that the attorney only said, "I don't see a problem with this proposal right now. If you want me to do research on it or whatever else, I'll be glad to... ." The vice-president did not then request that the attorney research the subject and, in fact, testified that he did not request an opinion from the attorney after the foregoing comment from the attorney. Thus, there was no opinion, or advice, of counsel upon which the insured was entitled to rely, only, according to the insured's own testimony, a comment which appeared to represent the attorney's preliminary thoughts.
The insurance company's motion for summary judgment should have been granted, not that of the insured. Reversed and remanded for entry of a judgment for the insurance company consistent with this opinion.
RYDER, A.C.J., and PARKER, J., concur.
NOTES
[1] We do not address the statutory amendments enacted after the alleged recordings in this case which provide a good faith defense under section 934.10(2).