646 So.2d 742 (1994)
James John HUFF, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02183.
District Court of Appeal of Florida, Second District.
June 24, 1994.
Rehearing Denied December 5, 1994.
*743 John E. Ryan of Craig, Ryan & Mast, Naples, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
James John Huff (Huff) was charged with RICO violations, conspiracy to commit RICO, organized scheme to defraud, operating a boiler room, twelve counts of first-degree grand theft, five counts of grand theft, fifty-four counts of sale of a security by an unregistered dealer, fifty-four counts of sale of unregistered security, and fifty-four counts of fraudulent transaction in the sale of a security. He was acquitted of operating a boiler room and convicted of the balance of the charges. Because the trial court precluded Huff from presenting his defense to the jury that he relied upon the advice of counsel, we reverse his convictions for the crimes requiring specific intent, and we affirm his convictions for the strict liability crimes.
Huff was the president of Ashley Financial Corporation (Ashley). Ashley developed apartment buildings and affordable housing in Collier County. It attracted investors by advertising a rate of return of 18% to 21%. The investment was to be secured by a first mortgage on the property to be developed. The state characterized the investment as "fractionalized mortgages," since several investors would jointly hold a single mortgage.
In January 1986, the office of the state comptroller determined that these "fractionalized mortgages" were securities. Since Ashley did not register the securities or employ a licensed securities dealer, the comptroller compelled Ashley to stop selling these investments. No criminal charges were brought at that time. Ashley then began selling its stock in place of the mortgage interests. It was likewise unauthorized to sell stock. At this juncture, the comptroller referred the case for prosecution.
In a pretrial proceeding, the state moved in limine to preclude Huff from presenting any evidence that he had relied on advice of counsel with regard to the sale of the mortgage interests. The judge granted the motion as to the offenses relating to the unauthorized sale of securities, which are strict liability crimes, and denied the motion as to the balance of the charges. This ruling was correct because scienter is not an element of security law violations. State v. Houghtaling, 181 So.2d 636 (Fla. 1965). It was irrelevant whether Huff's violation of the securities laws was the result of erroneous legal advice.
At a subsequent hearing before a successor judge, the state renewed its motion in limine and the successor judge, without explanation, granted the motion as to all the charges. This was error. Advice of counsel can be a valid defense to specific intent crimes. See Reliance Ins. Co. v. Lazzara Oil Co., 601 So.2d 1241 (Fla. 2d DCA 1992); United States v. Dyer, 750 F. Supp. 1278 (E.D.Va. 1990).
*744 We therefore affirm Huff's convictions for RICO,[1] sale of a security by an unregistered dealer, sale of an unregistered security and reverse and remand for new trial the convictions for conspiracy to commit RICO, organized scheme to defraud, first-degree grand theft, grand theft, and fraudulent transaction in the sale of a security.
FRANK, C.J., and ALTENBERND, J., concur.
NOTES
[1] The RICO charge was predicated on both strict liability crimes and specific intent crimes. Even without the specific intent crimes, there are sufficient predicate acts to support the RICO conviction.