PER CURIAM.
The third-party plaintiff, Nation Watch Security and Investigation, Inc. [Nation Watch], appeals from an adverse final summary judgment entered in favor of its insurer, Frontier Insurance Company [Frontier]. We affirm.
A thorough review of the record, including the parties’ depositions, indicates that Nation Watch had knowledge for at least two months before one of its security guards was arrested that the uniforms it had provided them were in violation of a penal statute. Therefore, the trial court properly concluded that Frontier had no duty to defend Nation Watch, or to provide coverage, in the lawsuit brought against it by the arrested security guard because the cause of action alleged fell within the ex- *369 elusionary language of the policy that excluded “personal injury” “arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured.” See Reliance Ins. Co. v. Lazzara Oil Co., 601 So.2d 1241 (Fla. 2d DCA 1992). Accordingly, the trial court properly entered summary judgment in favor of Frontier.
Affirmed.