CARROLL, Judge.
This is an appeal by the plaintiff below from an adverse judgment. The plaintiff Concord Shopping Center, Inc., owns a tract of land which was rezoned from agricultural use to a classification permitting a shopping center. The defendant Robert Litowitz owns an adjoining (agricultural) tract which he attempted to have rezoned for a shopping center, but his application was denied by the County Commission. Litowitz filed suit against Dade County seeking-a decree holding the rezoning of the plaintiff’s property for shopping center use was invalid. A lis pendens was filed on the property of Concord Shopping Center, Inc., and initially the corporation was not 'made a party. During its pendency the lis pendens was cancelled and the corporation was joined. That suit by Litowitz was terminated adversely to him.
Concord Shopping Center, Inc. then brought this action against Litowitz for *563 damages for malicious prosecution and abuse of process, claiming the suit by Lito-witz had delayed and hindered financing and construction of its shopping center. This case was presented to a jury and tried and determined as one for malicious prosecution, and a verdict for damages was rendered in favor of the plaintiff Concord Shopping Center, Inc. Thereafter the court granted a post-trial motion for directed verdict and entered judgment for the defendant. This appeal followed.
In our view that ruling of the trial judge was eminently correct because want of probable cause, an essential element of malicious prosecution, was not shown. See Duval Jewelry Co. v. Smith, 1931, 102 Fla. 717, 136 So. 878, 880; Glass v. Parrish, Fla. 1951, 51 So.2d 717; Warriner v. Burdines, Inc., Fla.1957, 93 So.2d 108. Malice, if established as appellant contends, would not operate to create want of probable cause, where probable cause was present. Duval Jewelry Co. v. Smith, supra. As the facts on which the defense of advice of counsel was constructed were not in controversy, the question of the presence or absence of probable cause was one of law for determination by the court. See Glass v. Parrish, supra.
Appellant’s contention that the verdict was justified as one for abuse of process is without merit. The cause of action tried was malicious prosecution. Moreover, a case of abuse of process was not proved. The filing of a suit by one land owner, whose application for certain rezoning thereof to his advantage was denied, seeking to invalidate as having been unlawfully enacted an ordinance so rezoning adjacent land of another, does not represent abuse of process. The decision of the trial court inferentially so holding, is not error.
Accordingly the judgment appealed from is affirmed.
Affirmed.