PEARSON, Judge.
We have been presented with a prior appeal in this matter. See Baya v. Revitz, 281 So.2d 521 (Fla.3d DCA 1973). We determined there that partition was a proper remedy and, as a second reason for an af-firmance, we held:
“Appellee contends that a stipulation in the record of this case was a stipulation of settlement and that therefore the ap *341 pellants cannot appeal the consent judgment. We agree. Our examination of the record convinces us that the stipulation was a settlement.”
George and Mary Baya, the defendants‘in the trial court and appellants in that appeal, sought certiorari in the Supreme Court of Florida, where their petition was denied. Thereafter, Robert Revitz, the plaintiff and appellee upon the first appeal, brought an action against the Bayas claiming damages for an “abuse of process” by virtue of the appeal by the Bayas from a “consent judgment.”[1]
Plaintiff Revitz prevailed in the trial court and received a final judgment for $52,000.00 compensatory damages and $10,-000.00 punitive damages. This appeal is from that judgment. The appellants urge first that where they appealed a final judgment without supersedeas or stay, the taking of a constitutionally-provided appeal does not constitute an abuse of process. Under their second point, appellants claim that the evidence submitted did not support the award of compensatory damages and that the evidence did not support the award of punitive damages. The appellee, on the other hand, supports the judgment by arguing that because the partition judgment was a consent judgment, no appeal could be prosecuted. On the second point, appellee supports the judgment on both a procedural and an evidentiary basis. We reverse upon a holding that the question of whether the partition judgment was, in fact, a consent judgment was a proper basis for appeal. We, therefore, do not reach the question of whether it is an abuse of process to appeal any consent judgment, nor do we discuss the damage issues.
It is a temptation to decide this appeal upon the basis of a broad holding because we are inclined to the view that the taking of a constitutionally-provided appeal from á final judgment is not an abuse of process within the meaning of the elements of the common law action. See Horn v. Horn, 73 So.2d 905 (Fla.1954); Mann v. Thompson, 118 So.2d 112 (Fla.1st DCA 1960); Johnson v. James H. Price & Co., 235 So.2d 763 (Fla.3d DCA 1970). The common law elements for abuse of process are discussed in Cline v. Flagler Sales Corp., 207 So.2d 709 (Fla.3d DCA 1968); and Concord Shopping Center, Inc. v. Litowitz, 183 So.2d 562 (Fla.3d DCA 1966). Nevertheless, it is our conclusion that the facts of this case do not present the necessity for such a holding. The appeal from the final judgment in partition presented two issues. The first was whether partition was a lawful remedy under the facts in that record. This was a justiciable issue properly raised in the trial court and determined in an opinion written by this court. In addition, the record of that appeal, as well as the present record, show that a motion to quash the appeal was filed by the appellee. This court, upon a consideration of the motion and upon examining the record and the briefs, found that a proper issue for determination on appeal existed and denied the motion to quash, then set the cause for hearing before the court and, after a full consideration of the briefs, oral argument and record, deter *342 mined that issue. The second question presented on the appeal from the partition judgment was whether or not a certain stipulation entered into in the trial court after the denial of the defendant’s motion to dismiss was a stipulation rendering the judgment thereafter entered a consent judgment. The issue was one this court found arguable and, upon consideration of the argument, the court found that the stipulation did, in fact, render the judgment a consent judgment. Nevertheless, the question of whether a consent judgment existed was such that the appellee’s contentions required the consideration of this court and the question was finally determined only after the holding of this court and the denial of certiorari by the Supreme Court of Florida.
We hold, therefore, that the taking of an appeal which presents to the appellate court justiciable issues decided after a full consideration hereof upon the briefs, oral argument and record, as a matter of law is not an abuse of process under the elements of the common law action as they exist in the State of Florida. See Cline v. Flagler Sales Corp., 207 So.2d 709 (Fla.3d DCA 1968); Concord Shopping Center, Inc. v. Litowitz, 183 So.2d 562 (Fla.3d DCA 1966); Tellefsen v. Key System Transit Lines, 198 Cal.App.2d 611, 17 Cal.Rptr. 919 (1961); State v. Turner, 319 So.2d 233 (Miss.1975); 1 Am. Jur.2d Abuse of Process § 1 (1962); Prosser, Law of Torts, § 115 (3d ed. 1964).
Therefore, the final judgment appealed is reversed.

. The complaint, after reciting the above facts, described the nature of the action as follows:
“4. Each and all of the following acts subsequent to the settlement and stipulation in the record of this cause at the trial in June of 1972 was undertaken by the Defendants with full knowledge that they had in truth and in fact settled such case, and with full knowledge of the fact that the appeals undertaken by them would cloud the Plaintiffs title to the property and would cause the Plaintiff undue expense and time in clearing such title, as well as in defending a lawsuit which Defendants had of their own volition agreed to settle and had in fact settled.
“5. The acts of taking the appeal and refusing to accept the settlement to which they agreed was an abuse of the judicial process of this State directly against the Plaintiff and the utilization of the courts of this state in an improper manner to frustrate Plaintiffs claim to property and to prevent Plaintiff from proceeding with the property to which the Court had given Plaintiff title; and to which the Defendants had agreed and was done maliciously and with the intent to frustrate Plaintiff in carrying out the full effect of the final judgment entered by the trial court and to prevent Plaintiff from fully utilizing his property which Defendants had agreed to sell to him.”