355 So.2d 1170 (1977)
Robert REVITZ, Petitioner,
v.
George J. BAYA and Mary Phillips Baya, Respondents.
No. 51789.
Supreme Court of Florida.
November 10, 1977.
Rehearing Denied April 5, 1978.
*1171 Richard L. Lapidus, of Lapidus & Hollander, Miami, for petitioner.
L.J. Cushman, Miami, for respondents.
KARL, Justice.
This cause is before us on petition for writ of certiorari to the District Court of Appeal, Third District, to review its decision in Baya v. Revitz, reported at 345 So.2d 340 (Fla. 3rd DCA 1977). The District Court of Appeal has certified the following question to this Court:
"Will a separate action for abuse of process lie for the taking of an appeal from a nonappealable consent judgment?"
However, in the decision of the District Court under review, that court expressly stated:
"We reverse upon a holding that the question of whether the partition judgment was, in fact, a consent judgment was a proper basis for appeal. We, therefore, do not reach the question of whether it is an abuse of process to appeal any consent judgment, nor do we discuss the damage issue.
.....
"The appeal from the final judgment in partition presented two issues. The first was whether partition was a lawful remedy under the facts in that record. This was a justiciable issue properly raised in the trial court and determined in an opinion written by this court. In addition, the record of that appeal, as well as the present record, show that a motion to quash the appeal was filed by the appellee. This court, upon a consideration of the motion and upon examining the record and the briefs, found that a proper issue for determination on appeal existed and denied the motion to quash, then set the cause for hearing before the court and, after a full consideration of the briefs, oral argument and record, determined that issue. The second question presented on the appeal from the partition judgment was whether or not a certain stipulation entered into in the trial court after the denial of the defendant's motion to dismiss was a stipulation rendering the judgment thereafter entered a consent judgment. The issue was one this court found arguable and, upon consideration of the argument, the court found that the stipulation did, in fact, render the judgment a consent judgment. Nevertheless, the question of whether a consent judgment existed was such that the appellee's contentions required the consideration of this court and the question was finally determined only after the holding of this court and the denial of certiorari by the Supreme Court of Florida.
"We hold, therefore, that the taking of an appeal which presents to the appellate court justiciable issues decided after a full consideration hereof upon the briefs, oral argument and record, as a matter of law is not an abuse of process under the elements of the common law action as they exist in the State of Florida..." (Emphasis supplied.)
Article V, Section 3(b)(3), Florida Constitution, provides, in pertinent part, that the Supreme Court "[m]ay review by certiorari any decision of a district court of appeal ... that passes upon a question certified by a district court of appeal to be of great public interest... ." (Emphasis supplied.)
Since, sub judice, the District Court specifically found it unnecessary to pass upon the question now certified to this Court, we are without jurisdiction to consider and decide the question.[1]
*1172 Accordingly, the writ of certiorari is hereby discharged.
It is so ordered.
ADKINS, Acting C.J., and ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] In Duggan v. Tomlinson, 174 So.2d 393 (Fla. 1965), this Court observed:

"The constitutional provision just quoted limits our certiorari review in these instances to those decisions of such district courts which pass upon a question certified by such courts to be of great public interest."
Cf. Cleveland v. City of Miami, 263 So.2d 573 (Fla. 1972).