HENDRY, Judge.
These consolidated appeals are taken from (1) a final judgment rendered pursuant to a directed verdict in favor of appel-lees, defendants and cross-defendants below, and against appellant, defendant and crossclaimant below, in an action for indemnification; and (2) from a final order of dismissal.
Stated briefly, the facts reveal the plaintiffs deceased husband was fatally injured when an automobile, driven by appellee Moskowitz, struck him at a car wash operated on appellant’s premises. Appellee and the deceased were waiting in line to use the car wash facilities when the former lost control of his auto and pinned the latter, who had just alighted from his vehicle, between automobiles.
Plaintiff subsequently filed a wrongful death action against appellee and his insurer and appellant alleging negligence. Appellant thereupon filed a crossclaim for indemnity against appellees claiming that, at best, he was passively negligent and enti- *25 tied to indemnification from appellees, the active tortfeasors, for any damages ultimately awarded the plaintiff against him.
The case was tried before a jury. Before the jury retired, however, the trial court directed a verdict on the issue of liability against appellees in favor of the plaintiff. Thereupon, both appellees and appellant settled with the plaintiff for $400,000.00, the settlement providing that appellant retained the right to proceed against appel-lees on the crossclaim for indemnity.
Upon motion, the trial judge then directed a verdict in favor of appellees on the crossclaim. A final judgment on the cross-claim was then entered in accordance with the directed verdict. Pursuant to the settlement with the plaintiff, the parties executed a stipulation of dismissal embodied in a final order of dismissal. From the final judgment entered in accordance with the directed verdict and final order of dismissal entered pursuant to the stipulation, these consolidated appeals have been taken.
The sole point on appeal warranting discussion is whether the trial court erred in granting appellees’ motion for directed verdict on appellant’s crossclaim for indemnity. Appellant contends that, viewing the evidence and all inferences taken therefrom in his favor, a jury could have legally found that he was but passively negligent and entitled to indemnification from appellees. We disagree.
The record clearly reveals that appellant, who profited from the car wash facilities, was intimately involved in the day to day operation of the car wash, often assisting in the maintenance of order in the long lines of vehicles waiting to utilize the facilities. In addition, appellant, himself, testified that the heavy traffic situation at the gas station — car wash, when combined with the lack of warning signs directing patrons to proceed to designated waiting areas away from the line of traffic, amounted to a dangerous condition. Therefore, it can not be said that appellant lacked knowledge of the precarious situation, entitling him to the status of a passive tortfeasor. See Florida Power Corporation v. Taylor, 332 So.2d 687 (Fla.2d DCA 1976).
In sum, in that appellant possessed the knowledge of the negligent operation of the car wash facility, under the law, he was an active tortfeasor not entitled to indemnification. General Motors Corporation v. County of Dade, 272 So.2d 192 (Fla.3d DCA 1973); see also Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45 (Fla.1st DCA 1963), affirmed as modified at 160 So.2d 102 (Fla.1964).
Accordingly, the final judgment and order of dismissal are hereby affirmed.
Affirmed.