ON PETITION TO REVIEW COSTS JUDGMENT
PER CURIAM.
The opinion in this cause was filed on March 8, 1977. See Baya v. Revitz, 345 So.2d 340 (Fla. 3d DCA 1977). See also Baya v. Revitz, 281 So.2d 521 (Fla. 3d DCA 1973). We are now presented with a petition to review a judgment for costs pursuant to Fla.App. Rule 3.16.[1] The order taxing costs provides as follows:
“[3] That Defendants, GEORGE J. BAYA, and MARY PHILLIPS BAYA, his wife, and the securities deposited by them as surety be and they are hereby discharged of all liability upon their su-persedeas bond in the above-styled cause, filed, taken and approved by the Clerk of this Court on December 4, 1975, and the Clerk is hereby ordered to forthwith deliver to said Defendants, GEORGE J. BAYA and MARY PHILLIPS BAYA, said securities deposited as surety upon said supersedeas bond, described as follows:
United States Treasurer Bearer 6% Notes bearing numbers 1530; 1442; 1439; 1438; 1437; 1436 and 889, of the total principal sum of Sixty Thousand and no/00 Dollars lawful money of the United States of America.
“[4] That Defendants, GEORGE J. BAYA and MARY PHILLIPS BAYA, do have and recover their costs from Plaintiff, ROBERT REVITZ, in the sum of $3847.05 for all of which, let execution issue, 10 days from the date of this order.”
It affirmatively appears from the Defendant’s Motion for Judgment on the Mandate and to Tax Costs and an affidavit attached thereto that the sum of $2,700 was allowed as costs of a supersedeas bond, pursuant to the attached affidavit, which alleged that although no bond premium was paid, the defendants’ deposit of certain securities caused them to lose interest at the rate of six percent per annum on the principal sum thereof, in the amount of $4,420.
Loss of interest on collateral deposited in lieu of a surety bond is not allowable as costs under the provisions of Section 57.071, Florida Statutes (1977). See City of Jacksonville v. Brentwood Golf Course, Inc., 338 So.2d 1105 (Fla. 1st DCA 1976).
Accordingly, the petition for review of judgment for costs is granted and the order of the trial court insofar as it taxed costs is reversed, with directions to enter an amended costs judgment in accordance with the views herein expressed.
Reversed and remanded.

. This question arises under the rules in effect prior to the present Florida Rules of Appellate Procedure, which took effect March 1, 1978.