440 So.2d 591 (1983)
Carol M. ANDERSON, Appellant,
v.
ROSSMAN & BAUMBERGER, P.A., a Professional Association for the Practice of Law, Stephen F. Rossman, Robert D. Peltz and Debra Sue Restivo, Appellees.
No. 82-2397.
District Court of Appeal of Florida, Fourth District.
October 26, 1983.
Rehearing Denied December 7, 1983.
*592 Carol M. Anderson of Anderson & Anderson, P.A., Fort Lauderdale, pro se.
Richard P. Cole, George Chesrow and John W. McLuskey of Walton Lantaff Schroeder & Carson, Miami, for appellees.
PER CURIAM.
Appellant, Carol M. Anderson, a lawyer, represented Debra Sue Restivo in a personal injury action, resulting in a favorable verdict of $500,000. The parties thereafter settled Restivo's claim for $400,000. Although Anderson had a fee contract with Restivo for one-third of the recovery, she claimed she was entitled to more than that amount because of additional services she had rendered in recovering property damages due Restivo's subrogated insurance carrier. When Anderson refused to pay over the proceeds of the settlement, Restivo filed suit against her, claiming breach of contract. The complaint was amended several times to include counts for intentional infliction of emotional distress, conversion, theft, and intentional breach of fiduciary duty.
Anderson filed a third party complaint against the law firm representing Restivo, Rossman & Baumberger, and the various partners thereof, seeking indemnity and damages for intentional infliction of emotional distress. The trial court dismissed Anderson's second amended third party complaint, and she has perfected this appeal.
We have carefully considered the complaint in question and agree with the trial court's disposition thereof. The claim for indemnity as pleaded by Anderson will not lie because if there is liability for a tort Anderson would not be a passive tortfeasor. Foss v. Moskowitz, 359 So.2d 24 (Fla. 3d DCA) cert. denied 365 So.2d 711 (1978). Furthermore, Restivo could not plead a cause of action against Anderson arising out of Anderson's actions taken at the direction of Restivo's counsel. Thus, no indemnity claim could be based on Anderson's conduct described in the third party complaint.
In order to state a cause of action for intentional infliction of emotional distress, the defendant's conduct must exceed all bounds which could be tolerated by society. Slocum v. Food Fair Stores of Florida, 100 So.2d 396 (Fla. 1958). The conduct must be so outrageous in character and so extreme in degree as to go beyond all standards of decency. Ford Motor Credit Co. v. Sheehan, 373 So.2d 956 (Fla. 1st DCA), cert. dismissed, 379 So.2d 204 (Fla. 1979). Perhaps the best description of the character of the necessary conduct is found in Food Fair, Inc. v. Anderson, 382 So.2d 150 (Fla. 5th DCA 1980):

*593 Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"
382 So.2d at 153, quoting Restatement (Second) of Torts § 46 comment d. The allegations of Anderson's third party complaint do not rise to the required level. Furthermore, the primary conduct relied upon arises out of pleadings filed by the third party defendant law firm in a pending law suit. Defamatory statements made in that context are privileged under most circumstances. As the court stated in Sussman v. Damian, 355 So.2d 809 (Fla. 3d DCA 1977),
It is the established law of this state that defamatory words published by lawyers during the due course of a judicial procedure are absolutely privileged and cannot form the basis for a defamation action so long as the statements uttered are connected with, or are relevant or material to the cause at hand or the subject of inquiry no matter how false or malicious such statements may in fact be. This privilege extends to the taking of a deposition or to conversations between opposing counsel in a pending civil action in which the attorney represents one of the parties involved... .
... .
... As such, the law has long looked with disfavor on such slander actions against lawyers uttered in the due course of judicial procedure except in the most extreme cases where the defamatory statement was totally irrelevant to the lawsuit and was uttered with deliberate and premeditated malice. 1 Harper and James, the Law of Torts, 427 (1956).
355 So.2d at 811. See also Pledger v. Burnup & Sims, Inc., 432 So.2d 1323 (Fla. 4th DCA 1983).
Anderson also complains of the trial court's refusal to allow her to further amend her third party second amended complaint. Under the circumstances of this case we find no reversible error in this regard.
Accordingly, the judgment appealed from is affirmed.
DOWNEY, LETTS and HERSEY, JJ., concur.