512 So.2d 1051 (1987)
Alphonse DELLA-DONNA, Appellant,
v.
NOVA UNIVERSITY, INC., a Florida Corporation Not for Profit; Dr. Abraham S. Fischler; Dr. Alexander Schure; Terrence J. Russell, Dr. David G. Salten; James Richard Holmes, Jr.; and Karen Coolman Holmes, Appellees.
Nos. 85-2185, 85-2186, 85-2187, 85-2188 and 85-2189.
District Court of Appeal of Florida, Fourth District.
September 9, 1987.
*1052 Robert M. Sturrup of Sturrup & Della-Donna, P.A., Fort Lauderdale, for appellant.
Robert F. Jordan of Robert F. Jordan, P.A., and Gordon James, III, of Conrad, Scherer & James, Fort Lauderdale, for appellee, Terrence J. Russell.
Angela L. DerOvanesian and Diane H. Tutt of Blackwell, Walker, Fascell & Hoehl, *1053 Miami, for appellee, Karen Coolman Holmes.
Angela L. DerOvanesian and Diane H. Tutt of Blackwell, Walker, Fascell & Hoehl, Miami, for appellee, James Richard Holmes, Jr.
Davis W. Duke, Jr., and Asela M. Cuervo of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellees, Nova University, Inc., Dr. Abraham S. Fischler, Dr. Alexander Schure, and Dr. David G. Salten.
GUNTHER, Judge.
Alphonse Della-Donna (Della-Donna) appeals four final summary judgments for Nova University Inc. (Nova), Dr. Abraham S. Fischler (Fischler), Dr. Alexander Schure (Schure), Terrence J. Russell (Russell), Dr. David Salten (Salten), James Richard Holmes, Jr. (Holmes), and Karen Coolman Amlong (Amlong); and a partial summary judgment for Nova, Fischler, Schure, and Salten. We affirm the summary judgments in all respects, except for one issue that is mooted by the affirmance of the summary final judgment in Appeal No. 85-2187.
Circuit Court Case No. 82-8487, the genesis of these appeals, arose from some of the same facts that resulted in an earlier litigation by Della-Donna against Gore Newspaper Co., Della-Donna v. Gore Newspapers Co., 489 So.2d 72 (Fla. 4th DCA 1986), rev. denied, 494 So.2d 1150 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 1294, 94 L.Ed. 150 (1987). For purposes of these appeals, we adopt the recitation of facts in Della-Donna v. Gore, as applicable background information in the instant case:
Della-Donna is a lawyer who in 1971 provided some complex estate planning for his client, Leo Goodwin, Sr., which included the establishment of a foundation and a charitable remainder trust (Unitrust). Mr. Goodwin, Sr., died on May 28, 1971, without naming any beneficiaries of the trust.
In 1976, the Goodwin Foundation Trustees, of which Della-Donna was one, exercised their power under the Unitrust and designated trust beneficiaries which included Nova University. Approximately two years later, in 1978, appellant and Nova University became embroiled in a dispute regarding the control of the university. Della-Donna advised the trustees of Nova University that Mr. Goodwin, Sr.'s desire was to help locally controlled institutions and that he had recently discovered that Nova's Board of Trustees was controlled by the New York Institute of Technology which, in turn, was controlled by the Schure family in New York. Della-Donna advised Nova's Trustees that the Goodwin Foundation Trustees were inclined to rescind the gift unless Nova agreed to be operated under "some semblance of local control."
Several subsequent meetings between Della-Donna and representatives of the university occurred in an attempt to resolve the dispute. On April 19, 1978, Della-Donna sent a "confidential" letter to all Nova Trustees informing them of the ongoing negotiations and advising that if local control was not effectuated he would be forced to rescind the gift.
On April 25, 1978, Nova filed a petition in the circuit court to force distribution of the gift. Upon the filing of this lawsuit, Gore learned about the dispute and began reporting it. On May 4, 1978, Della-Donna filed a complaint for declaratory relief on behalf of the estate of Leo Goodwin, Sr., charging that Nova had fraudulently misrepresented a material fact concerning its management and control, and seeking to rescind the gift.
In response to the May 4, 1978 complaint for declaratory relief, Russell, as counsel for Nova University, filed an answer asserting affirmative defenses and a counterclaim alleging, inter alia, that Della-Donna diverted approximately $9,000,000 from the Unitrust to Leo Goodwin, Sr.'s estate and that Della-Donna's law firm as attorneys for the executor of Sr.'s estate had charged the estate $950,000 in excessive fees.
On October 17, 1978, Nova and its trustees, through Russell, filed an amended counterclaim which retained an allegation of diversion by Della-Donna. Holmes, as *1054 counsel for Amlong, then a law student at Nova University, filed a class action lawsuit alleging the identical claim of diversion as contained in Nova's original counterclaim. This class action suit was dismissed with prejudice on the grounds that Amlong lacked standing. Ultimately, Nova University's suit based on the amended counterclaim was voluntarily dismissed with prejudice because of settlement by Nova and Della-Donna on behalf of the Goodwin Estate.
The instant appeals evolved from Della-Donna subsequently filing, in his individual capacity, a five-count complaint, an amended complaint, and a second amended complaint against Nova; three of Nova's top administrators, Fischler, Schure, and Salten; Nova's attorney, Russell; a Nova law student, Amlong, and her attorney, Holmes. Della-Donna's second amended complaint contained claims for malicious prosecution and abuse of process against all defendants, a claim for libel against all defendants except Holmes and Amlong, based on two publications known as the "Aide Memoire" and "Salten Memorandum," a claim for conspiracy to defame against all defendants based on the publication of a copy of an earlier lawsuit, Case No. 78-7397, in the Circuit Court of the Seventeenth Judicial Circuit, In and For Broward County, Florida, and a claim for libel against Nova based on the filing of Nova's original counterclaim in Case No. 78-7397 with knowledge of the "Farrington Decree."
After separate hearings on motions for summary judgment filed by all defendants, the trial court granted the motions and entered summary final judgments in favor of all defendants on all counts. The trial court also entered partial summary judgment for Nova, Fischler, Schure, and Salten finding that Della-Donna was a limited or vortex public figure. However, we agree with the trial court that the vortex public figure ruling was not essential to its ruling on any of the motions for summary judgment.
Della-Donna appeals the four summary final judgments and the partial summary judgment entered by the trial court. Although we only comment on some of the issues raised on appeal, we affirm the trial court in all respects but one ruling that has been rendered moot by this opinion.

Appeal No. 85-2189
As to Appeal No. 85-2189, we affirm the trial court's partial summary judgment finding that Della-Donna was a limited or vortex public figure in a matter of public concern or controversy. See Della Donna v. Gore Newspaper, 489 So.2d 72 (Fla. 4th DCA), rev. denied, 494 So.2d 1150 (Fla. 1986). Although the instant case is not the identical case to Della-Donna v. Gore Newspaper, the doctrine of stare decisis as distinguishable from the doctrine of res judicata or law of the case is applicable to the subsequent judicial determination of the same questions of law. McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323 (1935). Consequently, the results of Della-Donna v. Gore must be followed by this court as stare decisis.
In Della-Donna v. Gore, this court determined that a person's status as a limited public figure for purposes of applying an actual malice standard of proof in a defamation action requires that there be a public controversy and that the person play a sufficiently central role in that controversy. This court not only found that this dispute was a matter of public interest but also that the facts surrounding the case constituted a public controversy. Furthermore, the court stated that Della-Donna had initiated a series of purposeful, considered actions, igniting a public controversy in which he continued to play a prominent role. Thus, this court concluded that Della-Donna was a limited public figure.
Since the same facts that gave rise to the Della-Donna v. Gore dispute are the factual foundation of this lawsuit, stare decisis, in the form of Della-Donna v. Gore, compels our decision affirming the trial's court ruling that Della Donna was a vortex or limited public figure in a matter of public concern or controversy and that as such he was required to show that any allegedly defamatory statements were published *1055 with actual malice. See New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

Appeal No. 85-2185
On Appeal No. 85-2185, Della-Donna appeals a summary final judgment entered in favor of Russell on all counts of the libel action brought by Della-Donna against Russell and the other defendants/appellees in these appeals. On the malicious prosecution claim, Della-Donna must allege and prove the following elements:
1) the commencement or continuation of an original or criminal judicial proceeding;
2) its legal causation by the present defendant against the plaintiff;
3) its bona fide termination in favor of the plaintiff;
4) the absence of probable cause for such prosecution;
5) the presence of malice; and
6) damages conforming to legal standards result to the plaintiff.
Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412, 415 (Fla. 4th DCA 1980), cert. denied, 388 So.2d 1119 (Fla. 1980).
As to the count for malicious prosecution, Della-Donna, contending that he can establish all six elements of such a claim, disagrees with Russell's assertion that there was no bona fide termination in his favor of an original civil judicial proceeding. Della-Donna contends that there was such a bona fide termination of litigation by virtue of Russell filing an amended counterclaim which partially deleted a claim of diversion against him that had been contained in the original counterclaim. However, the diversion claim against Della-Donna was never in fact abandoned as the amended counterclaim continued to allege a diversion claim against Della-Donna. Therefore, this assertion is without merit.
Next, Della-Donna maintains that litigation was in fact terminated in his favor because Nova's amended counterclaim filed by Russell against him was settled and voluntarily dismissed with prejudice. However, a bona fide termination favorable to plaintiff does not encompass a termination resulting from negotiation, settlement, or consent. Union Oil of California, Amsco Division v. Watson, 468 So.2d 349, 353 (Fla. 3d DCA 1985), rev. denied, 479 So.2d 119 (Fla. 1985). This case was terminable upon considerations entirely apart from the merits or probable cause for prosecution, thus was not a bona fide termination favorable to Della-Donna. See Davis v. McCrory Corp., 262 So.2d 207, 210 (Fla. 2d DCA 1972). The voluntary dismissal of litigation as a result of settlement is neutral to a favorable termination and, in the instant case, is fatal to the malicious prosecution claim. Since the failure of a plaintiff to prove any of the required six elements will defeat a cause of action for malicious prosecution, Russell has established that there is no genuine issue of material fact as to Della-Donna's inability to prove the essential element of a bona fide favorable termination in a litigation and therefore, the trial court properly entered summary final judgment in favor of Russell on Della-Donna's count for malicious prosecution.
As to the abuse of process count, and contrary to Della-Donna's assertion, the trial court did not err in entering a summary final judgment in Russell's favor on this count. For a plaintiff to establish a cause of action for abuse of process, it must be proved that the defendant made an illegal, improper, or perverted use of process; that the defendant had ulterior motives or purposes in exercising such illegal, improper, or perverted use of process; and that as a result of such action on the part of the defendant, the plaintiff suffered damage. Baya v. Revitz, 345 So.2d 340 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 1170 (Fla. 1977). The failure of the plaintiff to establish all three elements precludes a cause of action for abuse of process. Blue v. Weinstein, 381 So.2d 308 (Fla. 3d DCA 1980). Relying on McMurray v. U-Haul Co., Inc., 425 So.2d 1208 (Fla. 4th DCA 1983), which holds that the mere filing of a complaint and having process served is not enough to show abuse of process, the trial court properly found that Russell showed the nonexistence of a genuine issue of any material fact in dispute. Furthermore, Russell established that Della-Donna failed to allege and there was no evidence of any *1056 act by Russell which constituted misuse of process after it was issued. See Marty v. Gresh, 501 So.2d 87 (Fla. 1st DCA 1987). Despite Della-Donna's assertion, filing a lawsuit with the ulterior motive of harassment does not constitute abuse of process. Peckins v. Kaye, 443 So.2d 1025 (Fla. 2d DCA 1983). The Marty decision makes it clear that the tort of abuse of process is concerned with the improper use of process after it issues. In the instant case, Russell was entitled to a summary final judgment on the abuse of process claim in light of Della Donna's failure and inability to allege and prove any act which constituted misuse of process after it was issued.
Della-Donna next maintains that Russell, as the movant for summary judgment, failed to carry his burden of conclusively showing the absence of a genuine issue of material fact as to Della-Donna's libel count which was based on the alleged publication of the Salten Memorandum and the Aide Memoire. The document cited as the Salten Memorandum, which was subsequently published in part in the Fort Lauderdale News, was a speech-memorandum Salten had presented and distributed to the board of trustees of Nova at an April 25, 1978 meeting. It is undisputed that Russell had left this meeting prior to Salten's presentation.
The Aide Memoire stated, inter alia, that "[u]p to the present time Della-Donna's fees as Goodwin trustee have already exceeded $1,000,000." This document was prepared in part by Salten and given to Russell by Schure to supplement a presentation Russell was to make at the ABA accreditation team. Russell stated he did review the Aide Memoire but it is unrefuted that he did not use it in the meeting with the ABA officials, nor did he give them a copy of it. Although the Fort Lauderdale News had a copy of the Aide Memoire, it did not publish the memoire or write an article about it.
We disagree with Della-Donna's contention that the trial court erred in granting Russell's motion on the libel count because Russell conclusively showed that the record contains no genuine issues of material fact as to whether Russell took part in the publication or in procuring the publication of the Salten Memorandum or the Aide Memoire. The record supports the trial court's granting of the summary final judgment on the libel count because Russell denied delivering or causing the delivery of these documents to the newspaper and the record revealed no proof to the contrary that Russell published the Salten Memorandum or the Aide Memoire.
As to the allegation that Russell maliciously gave or caused to be given to the Fort Lauderdale News copies of the June 2, 1978 Nova counterclaim, the Forman lawsuit and the Amlong lawsuit, each of which contained false and defamatory statements about Della-Donna, we hold that the trial court properly granted summary judgment on this count. Although there is no evidence in the record of Russell's publishing the counterclaim to the media or to anyone else, the pleadings were a matter of public record and anyone, including the news media, had a right to obtain and publish them. McNayr v. Kelly, 184 So.2d 428 (Fla. 1966); Ange v. State, 98 Fla. 538, 123 So. 916, 917 (1929); Anderson v. Rossman & Baumberger, P.A., 440 So.2d 591, 593 (Fla. 4th DCA 1983), rev. denied, 450 So.2d 485 (Fla. 1984); Pledger v. Burnup & Sims, Inc., 432 So.2d 1323 (Fla. 4th DCA 1983). Thus, the allegedly defamatory statements in the pleadings are protected by an absolute privilege afforded judicial statements. Id. We also disagree with Della-Donna's assertion that Russell was stripped of the privilege by the existence of the Farrington judgment entered in 1973 which determined that Leo Goodwin, Sr.'s estate, and not the Unitrust, was entitled to the income for the first five years of the trust. Neither Russell nor any other of the other defendants in the instant case were parties to the judgment, the judgment having been entered three years before Nova was designated as a donee and five years before Russell became involved as Nova's attorney.
In conclusion, as to Appeal No. 85-2185, we hold that Russell carried his burden of conclusively showing the absence of genuine issues of material fact as to each count of Della-Donna's amended complaint. Accordingly, we affirm the trial court's summary final judgment in favor of Russell.

*1057 Appeal Nos. 85-2186, 85-2187 and 85-2188

As to Appeal Nos. 85-2186, 85-2187, and 85-2188, we affirm the summary final judgments entered in favor of Holmes, Amlong, Nova, Fischler, Schure, and Salten, because they conclusively demonstrate that there are no genuine issues of material facts as to Della-Donna's failure to prove essential elements of his cause of action for malicious prosecution, abuse of process and defamation.
The lack of record evidence of a bona fide termination of a civil judicial proceeding in Della-Donna's favor defeats his malicious prosecution claims. Although Amlong's class action was dismissed with prejudice because she lacked standing to bring the suit, such a dismissal does not constitute a bona fide termination in Della-Donna's favor.
As stated by the Third District Court of Appeal in Union Oil:
Where dismissal is on technical grounds, for procedural reasons, or any other reason not inconsistent with the guilt of the accused, it does not constitute a favorable termination. The converse of that rule is that a favorable termination exists where a dismissal is of such a nature as to indicate the innocence of the accused. 468 So.2d at 349.
In this case, the dismissal of the class action for lack of standing and failure to adequately allege the existence of a class is clearly "not inconsistent with the guilt" of Della-Donna and accordingly "does not constitute a favorable termination" in his favor.
The abuse of process claims fail because the record demonstrates that there was no evidence of any acts by Holmes, Amlong, Nova, Schure, Fischler, or Salten which constituted misuse of process after it was issued.
As to the defamation counts, the record reveals a lack of evidence with reference to the essential element of publication of a defamatory statement. As well, certain of the allegations of defamation were contained in judicial pleadings which are protected by the privilege afforded judicial statements.
Furthermore, we disagree with Della-Donna's assertion that the defendants were stripped of the protection normally accorded allegations in judicial pleadings by the Farrington judgment. Since the defendants were not parties to the Farrington judgment, they were not estopped from asserting a claim of diversion in their lawsuits.
The issue of whether the trial court erred in entering an order disqualifying the law firm of Sturrup & Della-Donna, P.A., as co-counsel for Della-Donna is rendered moot since we affirmed the summary judgment for Amlong.
In summary, as to Appeal Nos. 85-2185, 85-2186, 85-2187, 85-2188, and 85-2189, we affirm the summary final judgments entered in favor of all the defendants and the partial summary judgment entered in favor of Nova, Fischler, Schure, and Salten.
AFFIRMED.
HERSEY, C.J., and DOWNEY, J., concur.