653 So.2d 384 (1995)
Allen GEE, etc., Petitioner,
v.
SEIDMAN & SEIDMAN, et al., Respondents.
No. 82365.
Supreme Court of Florida.
March 30, 1995.
Anderson, Moss, Parks & Sherouse, P.A., Miami and Elizabeth Koebel Russo of Russo, *385 Talisman & Moylan, P.A., Coconut Grove, for petitioner.
Daniel S. Pearson and Lenore C. Smith of Holland & Knight, Miami, for respondents.
Michael Berry, Div. of Rehabilitation and Liquidation, Florida Dept. of Ins., Tallahassee, amicus curiae for The Nat. Ass'n of Ins. Com'rs.
Dennis K. Threadgill, Chief Atty. and Doris E. Jenkins, Div. of Rehabilitation and Liquidation, Florida Dept. of Ins., and Helen A. Hauser of Dittmar & Hauser, P.A., Miami, amicus curiae for the State of Fla., Dept. of Ins.
Louis A. Craco, Michael R. Young and Carlisle E. Perkins of Willkie, Farr & Gallagher, New York City, amicus curiae for the American Institute of Certified Public Accountants.
Marvin E. Barkin of Trenam, Simmons, Kemker, Schart, Barkin, Frye & O'Neill; Donald Gifford of Shackleford, Farrior, Stallings & Evans, Tampa, Parker D. Thomson of Thomson, Muraro, Razook & Hart, P.A.; Robert L. Shevin of Stroock & Stroock & Lavan; Thomas Schultz of McDermott, Will & Emery, Miami, and Edward Waller of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, amici curiae of Business and Financial Lawyers.
HARDING, Justice.
We have for review Seidman & Seidman v. Gee, 625 So.2d 1 (Fla. 3d DCA 1992), in which the Third District Court of Appeal certified the following question to be one of great public importance:
Whether the liquidator of a bankrupt company should be permitted to recover for losses suffered by the company's customers and creditors, against an auditor which negligently failed to discover the fraud of the company's manager, where the manager's fraudulent act was intended to and did benefit the company.
Seidman & Seidman v. Gee, Nos. 91-345, 91-1479 (Fla. 3d DCA Oct. 28, 1993) (order certifying question).
We find that review was improvidently granted in this case as the question certified by the district court does not reflect the issue actually ruled upon by the court. The liquidator brought the instant action against the auditors only on behalf of the company. As the district court noted in its opinion denying rehearing, "at trial, the liquidator stated `the Liquidator brings only the claims of [the company] itself ... and is not seeking to bring the creditors['] claims himself.'" 625 So.2d at 4. In fact, seventeen of the company's creditors initially joined the liquidator as plaintiffs in the case, but fifteen of them took voluntary dismissals during the discovery proceedings and the remaining two were voluntarily dismissed during the trial. We also note that the liquidator did not bring the action on behalf of any governmental entity in this case.
Under article V, section 3(b)(4) of the Florida Constitution, this Court has jurisdiction to review "any decision of a district court of appeal that passes upon a question certified by it to be of great public importance." (Emphasis added). Because the district court specifically stated that it did not address the issue contained in the question certified to this Court, we are without jurisdiction to entertain the question. See Revitz v. Baya, 355 So.2d 1170, 1171 (Fla. 1977).
Accordingly, we dismiss this cause for lack of jurisdiction.
It is so ordered.
NO MOTION FOR REHEARING WILL BE ALLOWED.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.