# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0111
Lower Tribunal No. 22-603-CC-05
_____

**Mark Buck,**
Appellant,

vs.

**Lazaro Santos, et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Miesha Darrough, Judge.

Law Office of David Scott, P.A., and David Scott (Weston), for appellant.

Harvey D. Rogers, P.A., and Harvey D. Rogers, for appellees.

Before SCALES, C.J., and EMAS and GORDO, JJ.

EMAS, J.

## INTRODUCTION

Mark Buck, the plaintiff below, appeals an order dismissing with prejudice his complaint for malicious prosecution against Lazaro Santos and Dianelys Perez Linares.

We affirm, and hold that the trial court properly dismissed Buck's malicious prosecution claim with prejudice, because the negotiated settlement agreement between the parties, regarding the original proceeding, precluded Buck from alleging that the termination of that original proceeding constituted "a bona fide termination in favor of" Buck—an essential element to a cause of action for malicious prosecution.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2020, Santos and Linares, on behalf of their eleven-year-old child, filed a petition for injunction against sexual violence, pursuant to section 784.046, Florida Statutes (2020), alleging that Buck[1] committed sexual violence against their minor child. Among the allegations contained in the petition for injunction:

---

[1] Santos and Linares also filed a separate petition against Buck's wife (Yolanda Toricella Buck), containing virtually identical allegations as those made in the petition against Mark Buck. Yolanda Toricella Buck was originally a plaintiff in the malicious prosecution action, but withdrew from the case prior to entry of the order on appeal, and is not a party to this appeal.

- "There were multiple occasions where [Buck] touched [the child] in her private areas and [the child] was terrified to tell her parents";

- The child's phone "had evidence of nude pictures and inappropriate messages that [Buck] had sent to [the child]";

- Buck "created social media pages on Facebook and Instagram dedicated to [the child] with hundreds of pictures Buck had taken of [the child] without anyone's consent";

- Buck has "made sexual comments referring to [the child] on those pages as well"; and

- Buck had gone into the bathroom to see if the minor child "knew how to properly shower."

The trial court issued a temporary injunction, which prohibited Buck from having any contact with the minor child.[2]  The final hearing on the petition for injunction against sexual violence was reset several times over the period of a year, and each time the temporary injunction against Buck

---

[2] The temporary injunction provided, inter alia:

Respondent [Buck] shall have no contact with Petitioner [the child]. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner.  Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner ot to send any messages to Petitioner.

3

was extended. During the pendency of the petition for injunction, the parties negotiated and executed a settlement agreement. The day following execution of the settlement agreement, Santos and Linares moved to dismiss the temporary injunction. The trial court granted the motion, dismissed the temporary injunction, and no further action was taken on the petition for injunction. The court's memo of disposition noted: "Parties have worked out agreement where Respondent [Buck] will stay away from minor child until she reaches age 18 in exchange for an agreement to dismiss the temp [temporary injunction]."

In 2022, Buck filed suit against Santos and Linares, asserting a claim for malicious prosecution. Attached to the complaint was a copy of the four-page negotiated settlement agreement (entitled "non-disclosure agreement") signed by Buck and by Santos (on behalf of the minor child). In response, Santos and Linares filed a motion to dismiss, contending that the dismissal of the sexual violence injunction petition was the result of the negotiated settlement agreement between the parties, and that therefore the dismissal of the sexual violence injunction petition was not a "bona fide termination of that proceeding" in favor of Buck.

Following a hearing, the trial court granted the motion to dismiss with prejudice. The court found that in light of the settlement agreement resulting

4

in the motion for dismissal of the temporary injunction (which motion was granted by the trial court), Buck could not establish there was a bona fide termination of the sexual violence injunction proceeding in his favor.

On appeal, Buck asserts that the trial court erred in dismissing with prejudice his claim for malicious prosecution by finding he could not allege or establish a "bona fide termination" of the sexual violence injunction proceeding in his favor. He contends that the settlement agreement did not preclude a determination that there was a bona fide termination in his favor.

**ANALYSIS AND DISCUSSION**

We review the trial court's dismissal order de novo. Steinmetz v. Pickholtz, No. 3D24-0417, 2025 WL 1646405 (Fla. 3d DCA June 11, 2025); Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014). We review the "with prejudice" aspect of the dismissal order under an abuse of discretion standard. Pesce v. Morgan, 388 So. 3d 1107, 1108 (Fla. 3d DCA 2024).

As the Florida Supreme Court announced in Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994):

> In order to prevail in a malicious prosecution action, a plaintiff must establish that: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) **the termination of the original**

5

**proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff**; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. The failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution.

(Emphasis added) (citations omitted).

"A bona fide termination of the proceeding in the plaintiff's favor is an essential element of a malicious prosecution action." Union Oil of Cal. Amsco Div. v. Watson, 468 So. 2d 349, 353 (Fla. 3d DCA 1985). It was Buck's burden to allege facts which, if proven, would establish that the termination of the sexual violence action was "bona fide." Mancusi, 632 So. 2d at 1356.

Although "bargaining or negotiating, in and of itself, does not always negate the bona fide nature of the termination," it is clear that "a bona fide termination is one that indicates the innocence of the accused and is one that has not been obtained by the accused on a bargained-for promise." Id.; see also Watson, 468 So. 2d at 354 (noting that because a settlement "reflects ambiguously on the merits of the action," it is "generally not deemed a favorable termination of the proceedings"); Della-Donna v. Nova Univ., Inc., 512 So. 2d 1051, 1055 (Fla. 4th DCA 1987) (holding that "a bona fide termination favorable to plaintiff does not encompass a termination resulting from negotiation, settlement, or consent."); Doss v. Bank of Am., N.A., 857

6

So. 2d 991, 994 (Fla. 5th DCA 2003) (explaining that "bona fide termination" "is a fancy phrase which means that the first suit, on which the malicious prosecution suit is based, ended in a manner indicating the original defendant's (and current plaintiff's) innocence of the charges or allegations contained in the first suit, so that a court handling the malicious prosecution suit, can conclude with confidence, that the termination of the first suit was not only favorable to the defendant in that suit, but also that it demonstrated the first suit's lack of merit.").

Here, pursuant to the terms of the negotiated settlement agreement, Buck agreed that he would:

- Stay away from the minor child;

- Have no direct or indirect communication, by any means, with the minor child; and

- Not share, post, disseminate, publish or display any photographs or videos of the child, or any posts related to the child, on social media sites.

It was pursuant to the terms of this negotiated settlement that Santos agreed to dismissal of the temporary injunction and the petition for sexual violence injunction. By its terms, this agreement (and Buck's obligations

7

described above) is to remain in force until the child turns eighteen (the child was twelve years old when the agreement was executed).

It is self-evident that the settlement agreement negotiated between the parties was a "bargained-for promise," and did not "indicate[] the innocence of" Buck. Mancusi, 632 So. 2d at 1356. Indeed, Buck's obligations under the negotiated settlement agreement approximate the very same obligations imposed on Buck by the trial court's temporary injunction (and which could have been imposed in a permanent injunction if a final hearing had been held and petitioner prevailed). The parties further agreed these obligations would remain in force until the child turns 18.

While it's true that the agreement provided that the parties "are entering into this agreement for their mutual benefit," and further provided that the "no-contact" provision was mutual ("the Parties will refrain from having contact with one another"), the affirmative obligations unilaterally imposed upon Buck were much more explicit, providing for example that Buck "will not, in any way, share, post, disseminate, publish or display photographs or videos of the child, or posts related to the child, on social media sites, specifically: Facebook, Twitter, Instagram, TikTok or Snapchat." At most, the termination of the petition for injunction of sexual violence proceeding was "neutral" and Buck could not allege or establish there was a

8

bona fide termination in his favor. See Della-Donna, 512 So. 2d at 1055 ("The voluntary dismissal of litigation as a result of settlement is neutral to a favorable termination and, in the instant case, is fatal to the malicious prosecution claim.").

## CONCLUSION

We hold that the trial court properly dismissed Buck's malicious prosecution claim with prejudice, because the terms of the negotiated settlement agreement between the parties, regarding the original proceeding, precluded Buck from alleging that the termination of that original proceeding constituted "a bona fide termination in favor of" Buck—an essential element to a cause of action for malicious prosecution.

Affirmed.